No. 05-605

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 237

_____

IN RE THE MARRIAGE OF

GLEN A. McMICHAEL,

        Petitioner and Respondent,

   and

ANNA C. McMICHAEL,

        Respondent and Appellant.

_____

APPEAL FROM:    District Court of the Fourth Judicial District,
                  In and for the County of Missoula, Cause No. DR 01-308
                  The Honorable John W. Larson, Presiding Judge.

COUNSEL OF RECORD:

        For Appellant:

                Margaret A. (Peggy) Tonon, Attorney at Law, and Michelle Lampton,
                Intern, Missoula, Montana

        For Respondent:

                Christopher Daly, Attorney at Law, Missoula, Montana

_____

                Submitted on Briefs:  June 7, 2006

                        Decided:  September 19, 2006

Filed:

                _____
                            Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1     Anna McMichael (Anna) appeals from a dissolution decree entered in the Fourth Judicial District, Missoula County, in dissolution proceedings with Glen McMichael (Glen).  We reverse and remand.

¶2     Anna presents the following issue on appeal:

¶3     Whether the District Court abused its discretion by awarding to Glen the entire amount of his pension.

## FACTUAL AND PROCEDURAL BACKGROUND

¶4     Anna and Glen met in California in 1988.  They moved together to Missoula, Montana, in January of 1989.  Glen began accruing a pension through his employer, JTL Group (formerly Western Materials), in March of 1990.  Anna and Glen had a child, Billie, on April 1, 1990.  Glen continued to work at JTL Group, and Anna remained at home to care for Billie and maintain the household.  Anna and Glen married on June 1, 1993.  Anna began working at JB's restaurant after Billie started school and continued working there until after she and Glen separated in December of 1998.  Glen earned approximately three times Anna's annual income.

¶5     Glen filed a petition for dissolution of marriage in May of 2001.  The Standing Master, Brenda Desmond, issued her recommended findings of fact, conclusions of law, and decree of dissolution of marriage on February 12, 2004.  The Standing Master found that Anna and Glen agreed that Anna was entitled to half of Glen's accrued retirement pension from JTL Group, but disputed over what period of time her entitlement accrued. The Standing Master further found that the value of Glen's pension as of October 31,

2002, was $55,478.30. The only other marital asset was a life insurance policy with a cash value of $5,500.00. Anna and Glen also had accrued credit card debts totaling approximately $5,400.

¶6 The Standing Master's proposed decree recommended that the District Court award Anna half of Glen's accrued pension from the date of its inception in 1990 to the date Glen filed for dissolution in 2001. The Standing Master further recommended that the District Court award half of the life insurance policy to Anna. The Standing Master finally recommended that Glen be responsible for the couple's debts, as Glen was mainly responsible for accruing those debts. Glen contested the Standing Master's proposed distribution and the case proceeded to district court. Glen did not object to the Standing Master's recommendation that Anna receive half of his pension. He did object, however, to the time frame that the Standing Master proposed.

¶7 The District Court issued its findings of fact, conclusions of law, and decree of dissolution of marriage on July 6, 2004. The District Court disregarded the Standing Master's recommendations, including Anna's and Glen's agreement that she was entitled to half of the pension accrued over a disputed period of time, and instead awarded Glen the entire amount of his pension. The District Court required Glen to pay half of the cash value of the life insurance policy to Anna. The court further required that Glen be responsible for the couple's accrued credit card debts. The District Court's decree thus awarded 95% of the marital estate to Glen, and 5% to Anna.

¶8 Glen did not file a notice of entry of judgment until March 31, 2005. Anna filed a motion to amend the decree on April 8, 2005. The District Court denied the motion on

June 8, 2005. Glen filed a notice of entry of judgment in response to the District Court's order on June 13, 2005. Anna timely filed a notice of appeal on July 11, 2005.

## STANDARD OF REVIEW

¶9 We review a district court's division of marital property to determine whether its findings of facts are clearly erroneous. *Collins v. Collins*, 2004 MT 365, ¶ 16, 324 Mont. 500, ¶ 16, 104 P.3d 1059, ¶ 16. We will affirm a district court's distribution of property unless it abused its discretion if its findings are not clearly erroneous. *Collins*, ¶ 16. A district court abuses its discretion in dividing marital property when it acts arbitrarily without employment of conscientious judgment or exceeds the bounds of reason resulting in substantial injustice. *Collins*, ¶ 16.

## DISCUSSION

¶10 Anna argues that the District Court abused its discretion by awarding the entire amount of Glen's pension to Glen. She asserts that the District Court's award of 95% of the marital estate to Glen represents a substantial injustice. In this regard, Anna points out that Glen conceded in front of the Standing Master that Anna was entitled to half of the pension. He disputed only the time period during which that half should be calculated. Anna next asserts that the District Court abused its discretion by failing to consider the factors set forth in § 40-4-202, MCA. Specifically, Anna argues that the District Court failed to consider adequately her contributions as a homemaker and caregiver to Billie, the large disparity in income between Glen and her, and their respective abilities to acquire future assets. Anna further contends that the District Court's decree regarding the pension conflicts with its own findings of facts and

4

conclusions of law. She finally argues that the District Court abused its discretion by modifying a portion of the Standing Master's proposed order despite Glen's failure to object specifically to that portion.

¶11 Glen counters that Anna timely failed to raise two of these arguments to the District Court—that the District Court's award of 95% of the marital estate to Glen represents a substantial injustice and that the District Court abused its discretion amending a finding of the Special Master to which Glen failed to raise a specific objection—and is thus barred from raising them on appeal. He seeks to restrict the scope of Anna's appeal to those issues raised in her motion to amend the decree dated June 8, 2005. Glen does not provide any authority for this argument. Glen further asserts that the District Court did not abuse its discretion in awarding Glen the entire amount of his pension.

¶12 Rule 23(b), M. R. App. P., imposes the same briefing requirements on a respondent as on an appellant through its incorporation of subsections (a)(1) through (4). Thus, a respondent, similar to an appellant, must present a concise, cohesive argument, with citations to authorities that support the argument. *See* M. R. App. P. 23(a)(4),(b). Glen's timeliness argument contains no citations to any supporting authority. We repeatedly have held that we will not consider unsupported issues or arguments. *In re Marriage of McMahon*, 2002 MT 198, ¶ 6, 311 Mont. 175, ¶ 6, 53 P.3d 1266, ¶ 6. Moreover, we are under no obligation to locate authorities or develop arguments for a party in support of a position taken on appeal. *Marriage of McMahon*, ¶ 6. We therefore decline to address Glen's unsupported and undeveloped timeliness argument.

¶13    Section 3-5-124, MCA, allows for district courts to refer petitions for dissolution to a standing master. The court may direct the standing master to issue findings of fact and conclusions of law. Section 3-5-124(2)(a), MCA. Parties have ten days after being served with notice of the filing of the findings and conclusions to "serve written *specific objections* upon the other parties." Section 3-5-126(2), MCA (emphasis added). This section further provides that "[a]pplication to the court for action upon the findings and conclusions or order and upon the filing of *specific objections* to the findings and conclusions or order must be made by motion . . . ." Section 3-5-126(2), MCA (emphasis added). District courts may then "adopt the findings and conclusions or order and may modify, reject in whole or in part, receive further evidence, or recommit the findings and conclusions or order with instructions" after a hearing. Section 3-5-126(2), MCA.

¶14    We read statutes in their entirety when construing legislative intent. *State v. Mathis*, 2003 MT 112, ¶ 27, 315 Mont. 378, ¶ 27, 68 P.3d 756, ¶ 27. We will not determine the legislative intent based upon the wording of any particular section or sentence, but only from a consideration of the statute as a whole. *Mathis*, ¶ 27. We interpret a statute to give effect to its purpose and to avoid absurd results. *Mathis*, ¶ 27.

¶15    A reading of § 3-5-126(2), MCA, in its entirety demonstrates that a district court may modify a finding of fact or conclusion of law only to which a party has filed a "specific objection." The legislature twice referenced the requirement that parties file "specific objections" to the findings or conclusions of a standing master. Section 3-5-126(2), MCA. District courts must hold a hearing before modifying, rejecting, or recommitting a standing master's findings and conclusions. Allowing courts to modify

6

findings or conclusions not specifically objected to by either party would deny adequate notice and due process to the parties and lead to an absurd result. *See Mathis*, ¶ 27.

¶16 Glen failed to object specifically to the Standing Master's finding that Anna should receive half of his pension. Glen objected only to the period of time over which her half of the pension accrued. The District Court's modification of the Standing Master's finding that Anna should receive half of Glen's pension therefore represents an abuse of discretion. *See* § 3-5-126(2), MCA.

¶17 We reverse and remand for the District Court to determine over what period of time Anna's half of Glen's pension accrued and to make a division accordingly.


/S/ BRIAN MORRIS


We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ JIM RICE