FILED

May 2 2013

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 13-0209

2013 MT 120

_____

KATHERINE LOSEY BEALS,

        Petitioner and Appellee,

    v.

JASON ERNEST BEALS,

        Respondent and Appellant.

OPINION
AND
ORDER

_____

¶1    Appellant Jason Ernest Beals appeals from the Findings of Fact, Conclusions of Law, and Final Decree of Dissolution entered by Standing Master Magdalena C. Bowen of the Eighteenth Judicial District Court, Gallatin County.  Appellee Katherine Losey Beals has filed a motion to dismiss Jason's appeal, with a supporting brief.  Jason has responded to Katherine's motion, and Katherine was granted leave to file a reply.  We determine that Katherine's motion is well-taken.

¶2    The following issue is presented for review:  Whether a party may appeal directly to this Court from the decision of a standing master.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3    Katherine and Jason were married in Gallatin County in 2004.  They remained married for approximately five years until separating in October 2009.  During the period of their marriage, Katherine and Jason had three children and accumulated both real and personal property.

1

¶4 Katherine filed a petition for dissolution in the District Court on September 27, 2010. Following protracted discovery and motion proceedings, the matter came before Standing Master Bowen for a contested two-day hearing on June 21 and 22, 2012. Katherine was represented by counsel, and Jason represented himself. On February 22, 2013, Standing Master Bowen issued her Findings of Fact, Conclusions of Law, and Final Decree of Dissolution, which incorporated by reference a Final Parenting Plan. Katherine filed a Notice of Entry of Judgment on March 4, 2013.

¶5 After the final decree was entered, Jason retained counsel, who filed a notice of appearance on March 21, 2013. Jason, through counsel, filed a notice of appeal in this Court on March 22 and in the District Court on March 25. Jason did not file any objections in the District Court to the Standing Master's findings and conclusions within the ten-day period prescribed by § 3-5-126(2), MCA.[1]

## DISCUSSION

¶6 On July 1, 2010, the judges of the Eighteenth Judicial District Court issued a standing order pursuant to § 3-5-124(1), MCA, to refer domestic relations cases to a standing master. The standing master position was created to provide assistance to the District Court judges in managing the large volume of filings in the area of family law. As stated in the Second Amended Standing Order of Reference, dated April 1, 2013, the

---

[1] The District Court record contains a document, filed by Katherine on March 25, captioned "Petitioner's Response to Respondent's Motion for Extension of Time to Submit Specific Objections." The document refers to a "Motion For Extension of Time To Submit Specific Objections to the Findings of Fact, Conclusions of Law And Decree," which Jason evidently prepared and served on Katherine, but did not file with the court. The District Court directed that Katherine's response be filed in the record. She argues in it that Jason had not shown grounds for avoiding the ten-day deadline.

guidelines and procedures for the powers of the standing master are governed by §§ 3-5-124 through -126, MCA. The standing order further provides:

> 4. Pursuant to § 3-5-126(1), MCA, and Rule 52(a), M.R.Civ.P., the Standing Master shall file and serve <u>written</u> findings of fact, conclusions of law, and a dispositive order for all <u>contested</u> proceedings tried upon the facts. The Standing Master shall file and serve a dispositive <u>written</u> decision and order for all contested proceedings not tried upon the facts. In a <u>contested</u> proceeding the provisions of § 3-5-126(2), MCA, for serving written specific objections shall apply.
>
> 5. In <u>uncontested</u> proceedings, this Court presumes that the parties are appearing before the Standing Master upon agreement for resolution of the issues presented to the Standing Master and for which there would be no objections to the findings of fact and conclusions of law and/or order or decree filed by the Standing Master. Accordingly, in an <u>uncontested</u> proceeding the Standing Master's findings of fact and conclusions of law and/or order or decree shall be deemed to be the final order of the Court. Consequently, the objection procedure specified in § 3-5-126, MCA, shall not apply to any <u>uncontested</u> proceeding.

Second Amend. Standing Or. of Ref., *In the Matter of Referring Cases to the Standing Master* 3-4 (Mont. 18th Jud. Dist. Apr. 1, 2013) (underlining/emphases in original).

¶7 The standing order is consistent with statutory provisions concerning the appointment, procedure, and powers of a standing master. Section 3-5-126, MCA, particularly provides:

> (2) Within 10 days after being served with notice of the filing of the findings and conclusions or order, any party may serve written specific objections upon the other parties or may apply to the court for an extension to serve. Application to the court for action upon the findings and conclusions or order and upon the filing of specific objections to the findings and conclusions or order must be by motion and upon notice as prescribed in Rule 6(d) of the Montana Rules of Civil Procedure. The court, after a hearing, may adopt the findings and conclusions or order and may modify, reject in whole or in part, receive further evidence, or recommit the findings and conclusions or order with instructions.
>
> (3) The effect of a standing master's report is the same whether or not the parties have consented to the reference, but when the parties

stipulate that a standing master's findings of fact are final, only questions of law arising upon the findings and conclusions may be considered.

¶8 Katherine maintains that there can be no direct appeal from a standing master's ruling where the appellant has failed to make specific objections to those findings in the district court. Katherine cites *In re Marriage of McMichael*, 2006 MT 237, 333 Mont. 517, 143 P.3d 439, as support for her position. Jason, on the other hand, argues that, under § 3-5-113(1)(c), MCA, an appeal may be taken directly to this Court from the decree of a standing master because the standing master's decree has the same force and effect as if made or rendered by the district court.

¶9 Beginning first with Jason's argument, his reference to § 3-5-113(1)(c), MCA, is incorrect, as that statutory provision relates specifically to special masters and not standing masters such as in this case. A *special* master may preside over a civil action if his or her designation is "agreed upon in writing by the parties litigant or their attorneys of record" and he or she is appointed by the court as provided in § 3-5-115 or 3-20-102, MCA,[2] and "sworn to try the cause before entering upon the duties in trying the cause." Section 3-5-113(1)(a), MCA. A *special* master "has the authority and power of an elected district court judge in the particular civil action," § 3-5-113(1)(b), MCA, and "[a]ny order, judgment, or decree made or rendered in a civil case by the . . . special master has the same force and effect as if made or rendered by the district court with the regular judge presiding," § 3-5-113(1)(c), MCA. Thus, § 3-5-113, MCA, addresses the

---

[2] Section 3-5-115, MCA, relates to the appointment of a judge pro tempore and waiver of the right to trial by jury. It is, therefore, inapplicable to these proceedings. Section 3-20-102, MCA, concerns the appointment of an asbestos claims judge and is similarly inapplicable here.

4

circumstance in which the parties have agreed to effectively replace the district court judge with a *special* master and thereby render an appeal directly to this Court the only procedure by which to obtain review.

¶10 The appointment of a *standing* master, however, is controlled by different statutory provisions (namely, §§ 3-5-124 through -126, MCA) and, in this instance, by the standing order entered by the judges of the Eighteenth Judicial District Court. The method for obtaining review of a decision made by a *standing* master is for the party to file with the district court written specific objections within ten days after being served with notice of the filing of the *standing* master's findings and conclusions or order. Section 3-5-126(2), MCA. Thereafter, the district court may—following a hearing— adopt, reject (in whole or in part), or modify the findings and conclusions or order. Section 3-5-126(2), MCA. The district court may also conduct additional proceedings on the objections and receive further evidence. Section 3-5-126(2), MCA. The language of § 3-5-126(2), MCA, and the standing order is clear as to the procedures which must be employed in order to obtain review. Following review by a district court of the specific objections, an aggrieved party may then file an appeal in this Court.

¶11 We have previously considered a party's failure to object to a standing master's findings and conclusions. In *McMichael*, ¶¶ 15-16, we determined that a district court could not modify a standing master's findings and conclusions unless a specific objection had first been made by one of the parties. While Jason argues that his objections can be made directly to this Court, *McMichael* demonstrates that we have required specific

objections to be made to the standing master's findings and conclusions in the district court, before any modifications may be made.

¶12 As we stated in *McMichael*, "[a] reading of § 3-5-126(2), MCA, in its entirety demonstrates that a district court may modify a finding of fact or conclusion of law only to which a party has filed a 'specific objection.' The legislature twice referenced the requirement that parties file 'specific objections' to the findings or conclusions of a standing master." *McMichael*, ¶ 15. Thus, § 3-5-126(2), MCA, and the District Court's standing order require that Jason, as a prerequisite for perfecting his appeal to this Court, first file specific objections in the District Court to the Standing Master's Findings of Fact, Conclusions of Law, and Final Decree of Dissolution. In accordance with the statutory provisions, the District Court would be required to set a hearing, consider the specific objections raised, and accept, modify, or reject the Standing Master's findings and conclusions or conduct further proceedings regarding the objections.

¶13 These procedures were not followed in this case. Jason did not file objections to the Standing Master's findings and conclusions within the allotted ten-day period. It appears that he initially considered a request for an extension of time for submitting his objections, *see* ¶ 5 n. 1, *supra*, but then commenced an appeal with this Court instead. Appealing directly to this Court was incorrect for the reasons set forth above. Furthermore, the District Court record does not reflect that an "[a]pplication to the court for action upon the findings and conclusions or order [of the Standing Master]" was ever requested. Section 3-5-126(2), MCA. Until such time as the District Court enters a final decision in accordance with § 3-5-126(2), MCA, an appeal to this Court is not ripe.

6

¶14    Accordingly, based on the foregoing,

¶15    IT IS ORDERED that this appeal is DISMISSED WITHOUT PREJUDICE.

Dated this 2nd day of May, 2013.

/S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ JIM RICE