FILED

09/06/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0065

DA 16-0065

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 224N

IN RE THE MARRIAGE OF:

CAMI LU MELLITO,

Petitioner and Appellee,

v.

DARREN MELLITO,

Respondent and Appellant.

APPEAL FROM:     District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DR 08-88B
Honorable Mike Salvagni, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Darren Mellito, Self-Represented, Bozeman, Montana

For Appellee:

Jennifer Wendt Bordy, Attorney at Law, Bozeman, Montana

Submitted on Briefs:  July 20, 2016

Decided:  September 6, 2016

Filed:

_____
Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Darren Mellito (Darren), appearing pro se, seeks relief from a final parenting plan granting custody of his child, W.M., to Cami Mellito, W.M.'s mother and Darren's former wife. A Standing Master for the Eighteenth Judicial District Court issued the parenting plan along with findings, conclusions, and a decree of dissolution on May 11, 2015. On June 10, 2015, Darren appealed the Standing Master's conclusions to this Court. We dismissed that appeal without prejudice because Darren had not filed timely objections to the Standing Master's findings and conclusions in the District Court, pursuant to *Beals v. Beals*, 2013 MT 120, 370 Mont. 88, 300 P.3d 1158, and § 3-5-126(2), MCA.

¶3 On October 30, 2015, Darren moved for relief from judgment in the District Court, apparently invoking M. R. Civ. P. 60. On January 4, 2016, the District Court issued an order noting Darren's motion was deemed denied after 60 days had passed without a ruling on the motion. *See* M. R. Civ. P. 60(c)(1). Darren now appeals from that order, which we affirm.

¶4 We are willing to give pro se litigants some leeway regarding technical rule requirements. *In re Marriage of McMahon*, 2002 MT 198, ¶ 7, 311 Mont. 175, 53 P.3d 1266. Generally, we review a district court's ruling on a Rule 60(b) motion for abuse of discretion. *In re the Marriage of Orcutt*, 2011 MT 107, ¶ 5, 360 Mont. 353, 253 P.3d 884. Some exceptions to this general standard exist, but Darren has not clearly invoked any of those exceptions.

¶5 In his brief, Darren does not address his motion for relief or the District Court's denial of the motion. Instead, Darren argues the Standing Master's findings and conclusions are defective for two reasons: first, the conclusions are based on hearsay, and second, the Standing Master failed to consider his affidavit as dispositive of the best interests of the child, W.M.

¶6 Regarding the alleged hearsay, Darren has not provided a transcript of the proceedings below, so we are unable to determine that the Standing Master erred in admitting the testimony she considered in rendering her findings and conclusions.

¶7 Regarding the Standing Master's treatment of Darren's affidavit, the Standing Master was not required give the affidavit more weight than any other evidence. Darren's reliance on M. R. Civ. P. 56 and case law concerning summary judgment is misplaced because summary judgment is not at issue in this appeal.

¶8 For these reasons, we find no basis for granting Darren relief from the District Court's order. We therefore affirm the order.

¶9    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law.


                                    /S/ PATRICIA COTTER


We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT