FILED

12/13/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0142

DA 16-0142

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 327N

IN RE THE PARENTING OF:
B.W. and G.W.,

KAYLA GARRETT,

       Petitioner and Appellant,

  v.

CHRISTOPHER WILLMARTH,

       Respondent and Appellee.

| | |
|---|---|
| APPEAL FROM: | District Court of the Eighth Judicial District, In and For the County of Cascade, Cause No. DDR 11-410 Honorable Dirk M. Sandefur, Presiding Judge |

COUNSEL OF RECORD:

       For Appellant:

              Eric D. Mills, Sutton, DuBois & Mills, PLLC, Great Falls, Montana

       For Appellee:

              Jeffrey S. Ferguson, Jeffrey S. Ferguson Law Office, PLLC, Great Falls, Montana

                    Submitted on Briefs:  October 12, 2016

                            Decided:  November 13, 2016

Filed:

                /S/ ED SMITH
                    Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Kayla Garrett appeals from the Order and Judgment after Hearing Regarding Respondent's Objection to Standing Master's Findings of Fact, Conclusions of Law and Order Amending Parenting Plan issued by the Eighth Judicial District Court, Cascade County, on February 4, 2016, reinstating the Stipulated Amended Parenting Plan entered into by the parties on August 12, 2013. We affirm.

¶3 Garrett and Christopher Willmarth married in 2007 and have two biological children, B.W., born in 2008, and G.W., born in 2005. The parties divorced in December 2011 and subsequently entered into a Stipulated Final Parenting Plan. This first parenting plan split custody equally between the parties. In December 2012, Garrett filed a Notice of Intent to Move and related Proposed Amended Parenting Plan informing the District Court that she was choosing to move to the area of San Antonio, Texas, to pursue educational opportunities. Garrett's proposed parenting plan required that B.W. and G.W. live with her in Texas during the school year, and that they would spend the summer months with Willmarth in Montana.

¶4 In August 2013, the parties entered into a Stipulated Amended Parenting Plan (2013 Plan) which required that B.W. and G.W. reside with Willmarth in Montana during

2

the school year and live in Texas with Garrett during the summer months. Shortly after the implementation of the 2013 Plan, communication between the parties deteriorated. Garrett filed a Motion to Enforce the Stipulated Amended Parenting Plan in January 2014, arguing that Willmarth had violated the communication provisions in the 2013 Plan. Subsequently, Garrett filed a Motion to Amend Parenting Plan and Brief in Support in May 2015.

¶5 A Standing Master held a bench trial in August 2015, hearing testimony from both parties. On November 19, 2015, the Standing Master issued a Findings of Fact, Conclusions of Law, and Order Amending Parenting Plan (Standing Master's Report) adopting a Second Amended Final Parenting Plan (2015 Plan) altering custody of B.W. and G.W. Specifically, the 2015 Plan required that B.W. and G.W. live in Texas with Garrett during the school year and live in Montana with Willmarth during the summer months. Willmarth filed objections to the Standing Master's Report. In January 2016, the District Court held an extensive hearing on Willmarth's objections. After a detailed review of the evidence presented and the Standing Master's Report, the District Court vacated the Standing Master's order adopting the 2015 Plan, and reinstated the 2013 Plan. Specifically, the District Court determined that certain findings of fact and conclusions of law stated by the Standing Master were speculative and arbitrary conclusions not supported by the record, and constituted an abuse of discretion. The District Court noted that additional findings of fact relied on by the Standing Master must be given limited weight in order to be consistent with other determinations contained in the Standing Master's Report. Further, the District Court held that the Standing Master

3

abused its discretion in weighing certain factors in favor of Garrett's proposed parenting plan. In light of those determinations, the District Court concluded that the Standing Master abused its discretion in adopting Garrett's proposed parenting plan, and concluded that the 2013 Plan should govern.

¶6 We review a district court's decision de novo to determine whether it applied the correct standard of review to a master's findings of fact and conclusions of law. *Patton v. Patton*, 2015 MT 7, ¶ 17, 378 Mont. 22, 340 P.3d 1242 (citation omitted). A district court reviews a master's conclusions of law for correctness. *Patton*, ¶ 43. A district court must review a master's findings of fact to determine whether they are clearly erroneous. *In re G.J.A.*, 2014 MT 215, ¶ 21, 376 Mont. 212, 331 P.3d 835. "A finding is clearly erroneous if it is not supported by substantial evidence, if the Master misapprehended the effect of the evidence, or if its review of the record convinces the reviewing court that the Master made a mistake." *In re G.J.A.*, ¶ 21 (citation omitted). Further, if the master's findings of fact are not clearly erroneous and its conclusions of law are correct, a district court may review the master's determination for an abuse of discretion in child custody cases. *Patton*, ¶ 26. An abuse of discretion exists where the master acted arbitrarily, without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice. *Albrecht v. Albrecht*, 2002 MT 227, ¶ 7, 311 Mont. 412, 56 P.3d 339 (citation omitted).

¶7 Pertinent in *Patton* and here, the Montana Eighth Judicial District Court, Cascade County, issued an Amended Charter Order in re District Standing Master Establishment & Procedure, which clarified the procedure regarding the standing master position

4

created by the Judicial District in 2010, and under which the Standing Master was appointed in this case. Amended Charter Order in re District Standing Master Establishment & Procedure, *In re the Est. of a Dist. Standing Master for all Dep't of the Dist. Ct.* (Mont. 8th Jud. Dist. April 28, 2015) (Amended Charter Order); *see* Charter Or. Establishing Dist. Standing Master, *In re the Est. of a Dist. Standing Master for all Dep't of the Dist. Ct.* (Mont. 8th Jud. Dist. June 25, 2010). The Amended Charter Order explicitly provides that the above mentioned standard of review, as cited in *Patton*, is to be applied by the District Court to reports issued by Standing Masters. Amended Charter Order at 12-16. The District Court expressly relied upon both our case law and the Amended Charter Order in reaching its decision in this case.

¶8 Garrett argues the District Court applied the incorrect standard of review to the Standing Master's Report, maintaining that the District Court erred by reviewing relevant and pertinent factual findings for correctness instead of for clear error. In stating its rationale from the bench, the District Court thoroughly delineated the standard of review it was applying to the Standing Master's determinations in the instant case. The District Court noted that a master's conclusions of law are reviewed for correctness and that the District Court could only reverse findings of fact if they were clearly erroneous. The District Court went on to articulate the three avenues through which a finding of fact may be clearly erroneous: the finding is not supported by substantial credible evidence; the master misapprehended the effect of the evidence; the reviewing court has a definite and firm conviction that the master was mistaken in its assessment of the evidence. Further, the District Court noted that the Eighth Judicial District Court's Amended Charter Order

5

governing the appointment of Standing Masters permits the District Court to reverse a master's determination, even if the findings of fact are not clearly erroneous and the conclusions of law are correct, if the master abused his or her discretion. Amended Charter Order at 14-15; *accord Patton*, ¶¶ 21-26. Finally, the District Court noted that, in order to find that a master abused his or her discretion, the reviewing court must determine that the master acted arbitrarily, without employment of conscientious judgment or acted in such a way that exceeds the bounds of reason resulting in substantial injustice. We conclude that the District Court applied the correct standard of review to the Standing Master's Report.

¶9　　Further, Garrett argues that the District Court abused its discretion by considering issues beyond the scope of Willmarth's objections to the Standing Master's Report. Specifically, Garrett cites this Court's decision in *In re Marriage of McMichael*, 2006 MT 237, ¶¶ 15-16, 333 Mont. 517, 143 P.3d 439, for the premise that the District Court commits reversible error when it considers findings of fact and conclusions of law that were not specifically objected to by either party. However, our decision in *McMichael* concerned whether or not a District Court could "modify findings or conclusions not specifically objected to by either party," *McMichael*, ¶ 15, not whether a District Court could consider findings of fact and conclusions of law that were not objected to when making its final determination. We conclude that the District Court did not err in considering findings of fact and conclusions of law not specifically objected to when making its final determination regarding the Standing Master's Report.

¶10   Finally, Garrett argues that the District Court abused its discretion by substituting its judgment for that of the Standing Master.  We disagree.  The District Court engaged in a thorough review of the Standing Master's Report, continually and correctly reiterating the standard of review it was applying.  Upon review of the record, we conclude that the District Court did not err in vacating the 2015 Plan and reinstating the 2013 Plan.

¶11   We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of this Court, this case presents a question controlled by settled law.

¶12   Affirmed.

/S/ PATRICIA COTTER

We Concur:

/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ JIM RICE