44

**IN RE THE MARRIAGE OF:**
**LISA TAYLOR,**
**Petitioner and Appellee,**
**and**
**JOSEPH W. TAYLOR,**
**Respondent and Appellant.**

No. DA 16-0150.
Submitted on Briefs November 30, 2016.
Decided December 27, 2016.
2016 MT 342.
386 Mont. 44.
386 P.3d 599.

For Appellant: **Suzanne C. Marshall**, Marshall Law Firm, P.C., Bozeman.

For Appellee: **Christopher J. Gillette**, Christopher J. Gillette, PC, Bozeman.

JUSTICE BAKER delivered the Opinion of the Court.

¶1 Joseph Taylor objected to the Findings of Fact, Conclusions of Law, and Decree proposed by a standing master following trial of the marriage dissolution proceeding between Joseph and Lisa Taylor. The District Court refused to review the Standing Master's report because

Joseph's objections lacked the required specificity. We agree and affirm the District Court's order.

## PROCEDURAL AND FACTUAL BACKGROUND

¶2 Lisa and Joseph married in July 2010 and have two minor children together. The parties physically separated in March 2012. Lisa filed a petition for legal separation in November 2012. Joseph filed a counter-petition for dissolution of the marriage.

¶3 The Standing Master held a four-day trial in May 2015. After considering the parties' testimony and evidence, the Standing Master issued a detailed 46-page report with findings of fact, conclusions of law, and a Decree of Dissolution. The Master awarded Lisa the family home, required Joseph to pay Lisa $48,621 in back temporary family support, required Joseph to pay over $2,000 per month in child support, and awarded Lisa her attorney's fees. The Master also issued a final parenting plan that gave Lisa primary residential custody of the children, with a plan for supervised visitation and reunification between the children and Joseph.

¶4 Joseph filed a three-page motion for review of the Standing Master's report. The District Court denied Joseph's motion because it concluded that Joseph had not made specific objections to the Master's report as required by statute. The court noted that Joseph's first objection merely restated a portion of one of the Master's findings. Joseph's next few objections, the court observed, simply listed the findings to which Joseph objected. The court emphasized that Joseph did "not specify what his objections are to those findings." Thus, the court concluded, Joseph failed to comply with § 3-5-126, MCA. Joseph appeals.

## STANDARD OF REVIEW

¶5 We review de novo a trial court's interpretation of a statute. *Fellows v. Saylor*, 2016 MT 45, ¶ 13, 382 Mont. 298, 367 P.3d 732.

## DISCUSSION

¶6 *Whether the District Court correctly refused to review Joseph's objections to the Standing Master's report.*

¶7 District courts may refer matters, including petitions for dissolution, to a standing master. Section 3-5-124(1), MCA; *In re Marriage of McMichael*, 2006 MT 237, ¶ 13, 333 Mont. 517, 143 P.3d 349 (hereafter *McMichael*). Standing masters may, in turn, conduct proceedings similar to a district court, make findings of fact and

conclusions of law, and issue temporary orders. Section 3-5-124(2), MCA. Section 3-5-126, MCA, governs a district court's consideration of a standing master's recommended decision. It provides that, once a standing master issues its decision, "any party may serve written *specific objections* upon the other parties." Section 3-5-126(2), MCA (emphasis added). The party's "specific objections to the findings and conclusions or order must be made by motion." Section 3-5-126(2), MCA. After a party has submitted specific objections, a district court is "required to set a hearing, consider the specific objections raised, and accept, modify, or reject the Standing Master's findings and conclusions or conduct further proceedings regarding the objections." *Beals v. Beals*, 2013 MT 120, ¶ 12, 370 Mont. 88, 300 P.3d 1158; *accord* § 3-5-126(2), MCA.

¶8 Joseph contends that his objections were sufficiently specific to meet the requirements of § 3-5-126, MCA. He argues that he clearly identified the paragraphs to which he objected and that he specified where the Standing Master erred. He also asserts that the District Court, "at the very least," should have provided him with a hearing on his objections.

¶9 In construing a statute, we look "to the plain meaning" of its language, and we read the "statute as a part of a whole statutory scheme." *Eldorado Coop Canal Co. v. Hoge*, 2016 MT 145, ¶ 18, 383 Mont. 523, 373 P.3d 836 (citations and internal quotations omitted). Further, "[w]e interpret a statute to give effect to its purpose." *McMichael*, ¶ 14.

¶10 The language of § 3-5-126(2), MCA, makes plain that "specific objections" are a prerequisite to both a hearing and a district court's review of a standing master's determinations. Once those objections have been articulated and the parties have had an opportunity to be heard, the district court reviews the master's findings of fact for clear error and its conclusions of law to determine if they are correct. *In re Marriage of Patton*, 2015 MT 7, ¶¶ 24, 43, 378 Mont. 22, 340 P.3d 1242.

¶11 We interpreted § 3-5-126(2), MCA, in *McMichael*. We concluded that "a district court may modify a finding of fact or conclusion of law only to which a party has filed a 'specific objection.'" *McMichael*, ¶ 15 (quoting § 3-5-126(2), MCA). We emphasized that in drafting the statute, the "legislature twice referenced the requirement that parties file 'specific objections' to the findings or conclusions of a standing master." *McMichael*, ¶ 15. To allow a district court "to modify findings or conclusions not specifically objected to," we concluded, "would deny adequate notice and due process to the parties." *McMichael*, ¶ 15.

Thus, we held that a district court abuses its discretion if it modifies a standing master's determination to which a party has not specifically objected. *McMichael*, ¶ 16.

¶12 Under § 3-5-126(2), MCA, "specific" modifies "objections," not "findings" or "conclusions." *See* Bryan A. Garner, *The Redbook: A Manual on Legal Style*, § 10.32, 170 (2d ed. 2002) ("An adjective typically precedes the word it details."). The word "specific" means "designating a particular or defined thing; explicit." *Black's Law Dictionary* 1616 (Bryan A. Garner ed., 10th ed. 2014). We considered in *Patton* the Eighth Judicial District Court's Charter Order Establishing a Standing Master. That order explains the definition of "specific," and we conclude that its language appropriately describes the statutory requirement. The Charter Order provides that an objection must *"specifically state with particularity* the asserted factual or legal basis or reason for the assertion." *Patton*, ¶ 44. The language of § 3-5-126(2), MCA, plainly means that a party must file objections that designate or define a particular error the standing master is alleged to have made before a district court may review the standing master's determinations. *See McMichael*, ¶ 15. To conclude otherwise "would deny adequate notice and due process to the parties." *McMichael*, ¶ 15.

¶13 Here, Joseph filed a three-page motion objecting to the Standing Master's 46-page report. His objections were broad and generalized. Joseph's first objection simply restated one of the Standing Master's findings of fact. Two of Joseph's other objections merely listed by number the twenty-four findings of fact and twenty-two conclusions of law to which Joseph objected. In another objection, he objected "in full" to ten paragraphs in the Decree distributing the marital estate. In total, Joseph objected to fifty-six paragraphs from the Master's report without providing any reason for his objections. He similarly objected to the "separate Parenting Plan in full." His objections regarding distribution of the marital estate and calculation of child support, while seemingly more explicit, did not refer to the trial record or state a factual or legal basis for Joseph's assertion of error. Nowhere in his objections did Joseph define or explain a particular error that the Standing Master committed.

¶14 Contrary to Joseph's assertion on appeal, it is not the District Court's role to "locate the paragraphs cited by" the objecting party in order to "ascertain the substance of the objection." *Cf. Petitioners 1-549 v. Missoula Irrigation Dist.*, 2005 MT 100, ¶ 15, 326 Mont. 527, 111 P.3d 664 (concluding that it is not an appellate court's responsibility

48

"to comb the record" to determine whether the trial court erred). It was Joseph's responsibility to provide the court and Lisa with adequate notice of what he was contesting by stating the factual or legal basis or reason for his assertions. *See McMichael*, ¶ 15; *Patton*, ¶ 44.

¶15 ██ The District Court correctly determined that Joseph failed to specifically object to the Master's report as required by § 3-5-126(2), MCA. Accordingly, we conclude that the District Court was not required to hold a hearing and correctly refused to review Joseph's objections to the Standing Master's report. Because we conclude that the District Court correctly denied Joseph's motion to review, we do not consider Joseph's arguments regarding the substance of the Standing Master's report. Joseph should have made those arguments when he submitted his objections to the District Court.

## CONCLUSION

¶16 We affirm the District Court's order denying Joseph's motion for review.

CHIEF JUSTICE McGRATH, JUSTICES WHEAT, COTTER and McKINNON concur.