Justice Laurie McKinnon delivered the Opinion of the Court.
***251 ¶1 Timothy D. Scrantom (Scrantom) objected to the findings of fact, conclusions of law, and order proposed by the Standing Master (Standing Master's Order) in a dissolution proceeding with Lila S. Masters (Masters). The Eighteenth Judicial District Court, Gallatin County, refused to review the Standing Master's Order because ***252 Scrantom's objections lacked specificity. We reverse.
¶2 Scrantom presents the following issue for review:
Did the District Court err by determining Scrantom's objections to the Standing Master's Order lacked specificity under § 3-5-126, MCA ?
FACTUAL AND PROCEDURAL BACKGROUND
¶3 In April 2012, the District Court dissolved Scrantom and Masters's marriage. The parties entered into a property settlement agreement and the District Court's dissolution decree incorporated that agreement by reference. The property settlement agreement contained provisions regarding property division, spousal support, debts and obligations, default, and attorney fees. The provision on debts and obligations required Masters to indemnify Scrantom for debts, liabilities, and expenses, including attorney fees, costs, and interest, "relating to the assets allocated to her."
¶4 Balance Point Divorce Funding LLC (Balance Point), a third-party divorce financing company, provided litigation funding for Masters during the parties' dissolution proceeding in exchange for one-third of her recovery. Following dissolution, Balance Point sued Masters in a separate Montana-based federal district court action claiming she breached her obligation to pay. Balance Point also sued Scrantom in another separate New York-based federal district court action claiming tortious interference. After the New York action against Scrantom ended in dismissal, Scrantom moved the District Court to enforce the debts and liabilities provision incorporated into the parties' dissolution decree. Scrantom argued the provision entitled him to indemnification for the cost of defending the New York action. Masters responded by arguing that the New York action related to Scrantom's independent conduct-tortious interference-and not from "assets allocated to her" in the parties' dissolution. The Standing Master agreed with Masters, denied Scrantom relief, and granted Masters's conflicting motion to enforce the parties' dissolution decree.
*341 ¶5 Scrantom filed a notice of specific objections to the Standing Master's Order and a motion requesting the District Court review it. Scrantom's eighteen-page notice listed twelve portions of the Standing Master's Order he objected to. Scrantom divided his twelve objections into four categories based on topic and included a separate "Argument" section where he included the legal bases for his objections. In evaluating Scrantom's objections, the District Court noted Scrantom listed the particular findings and conclusions he objected to, but found his " 'Argument' simply rehashes the arguments presented in his ***253 previous briefing" and "provides no clear reasoning" or "legal authority." The District Court concluded Scrantom's objections to the Standing Master's Order lacked specificity under § 3-5-126(2), MCA, and, accordingly, denied his request to review it. Instead, the District Court approved and adopted the Standing Master's Order. Scrantom appeals.
STANDARD OF REVIEW
¶6 "We review de novo a trial court's interpretation of a statute." In re Marriage of Taylor , 2016 MT 342, ¶ 5, 386 Mont. 44, 386 P.3d 599.
DISCUSSION
¶7 Scrantom argues the District Court erred by concluding his objections lacked specificity, failing to hold a hearing, and denying his request for review. Masters agrees with the District Court's characterization of Scrantom's objections as lacking specificity. Masters argues that specific objections are a prerequisite to both a hearing and review.
¶8 The Legislature authorized district courts to use standing masters to help manage the volume of filings in the area of family law. Sections 3-5-124 to -126, MCA ; Beals v. Beals , 2013 MT 120, ¶ 6, 370 Mont. 88, 300 P.3d 1158. District courts have discretion to refer dissolution proceedings to a standing master. Section 3-5-124(1), MCA ; Taylor , ¶ 7. Once referred, standing masters can issue findings of fact, conclusions of law, and "temporary orders that are subject to review by the district court, upon objection." Section 3-5-124(2)(a), (b)(v), MCA. A party has ten days after being served with notice of the filing of a standing master's findings and conclusions or temporary order to object by filing a motion including his or her "specific objections." Section 3-5-126(2), MCA. Providing specific objections is a prerequisite and a district court may only modify a particular finding of fact or conclusion of law if it was specifically objected to. Beals , ¶ 12. Once a party moves for review by filing a specific objection, the district court is "required to set a hearing, consider the specific objections raised, and accept, modify, or reject the Standing Master's findings and conclusions or conduct further proceedings regarding the objections." Beals , ¶ 12.
¶9 We considered § 3-5-126(2), MCA, in In re Marriage of McMichael , 2006 MT 237, 333 Mont. 517, 143 P.3d 439. There, the objecting party filed specific objections; however, the district court modified one finding that was not specifically objected to. McMichael , ¶¶ 15-16. We reversed, concluding "[a]llowing courts to modify findings and ***254 conclusions not specifically objected to by either party would deny adequate notice and due process to the parties and lead to an absurd result." McMichael , ¶ 15. In Beals v. Beals , we held that a party may not appeal a standing master's decision directly to this Court, but must follow the procedure outlined in § 3-5-126(2), MCA. Beals , ¶ 13.
¶10 We considered the sufficiency of "specific objections" in In re Marriage of Taylor , where we held that the objecting party's three-page motion lacked specificity under § 3-5-126(2), MCA, because it restated several of the standing master's findings, listed paragraph numbers for others, and objected to other portions "in full." Taylor , ¶¶ 13, 15. We noted that the objecting party's objections were "broad and generalized" and that he did not provide "any reason for his objections," or "state a factual or legal basis for [his] assertion of error." Taylor , ¶ 13. Specifying the portions of a standing master's decision that an objecting party objects to does not provide the specificity contemplated by § 3-5-126(2), MCA. The objecting party must also provide a reason or state a factual or legal basis supporting his or her assertion of error. See Taylor , ¶ 13.
*342 ¶11 Here, we cannot agree with the District Court that Scrantom's notice of specific objections was not specific. Like In re Marriage of Taylor , Scrantom restated twelve portions of the Standing Master's Order he objected to. However, unlike In re Marriage of Taylor , Scrantom's notice included a summary stating he objected to the Standing Master's Order and described two asserted errors: (1) the Standing Master erroneously concluded that the New York action was "based on independent acts that Mr. Scrantom committed alone "; and (2) the Standing Master erroneously concluded that "the indemnity provisions ... were inapplicable." Further, Scrantom grouped his restatements of the Standing Master's Order by topic. For example, Scrantom included five restatements from various pages of the Standing Master's Order under the topical heading, "Specific Objections to the Findings of Fact and Conclusions of Law: Scope of Indemnification ." Also unlike In re Marriage of Taylor , Scrantom provided twelve pages of argument including factual bases, statutory authority, and caselaw purportedly supporting his objections.
¶12 The District Court found Scrantom's argument "rehashes the arguments presented in his previous briefing" without "clear reasoning" or "legal authority." We conclude a notice of specific objections under § 3-5-126(2), MCA, requires the objecting party to "rehash" earlier arguments in order to preserve them for appeal or he or she will face waiver. We also disagree that Scrantom's argument ***255 lacks authority because he cited to both statutes and caselaw. Section 3-5-126(2), MCA, gives an objecting party ten days to file a notice of specific objections and move for a district court to review a standing master's decision. The statute does not require the objecting party to brief the issues raised, only to provide "adequate notice and due process." See McMichael , ¶ 15.
¶13 The District Court incorrectly determined that Scrantom failed to specifically object to the Standing Master's Order under § 3-5-126(2), MCA. Accordingly, the District Court was required to hold a hearing and conduct a review.
CONCLUSION
¶14 We reverse the District Court's order denying Scrantom's motion for review and remand these proceedings for the District Court to review the Standing Master's Order.
We concur:
MIKE McGRATH, C.J.
JIM RICE, J.
BETH BAKER, J.
INGRID GUSTAFSON, J.