FILED

04/20/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0116

DA 21-0116

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2021 MT 93

PF2 LEASING, LLC,

      Intervenor and Appellant,

v.

JIM GALIPEAU,

      Receiver and Appellee.

APPEAL FROM:   District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV-2018-1450
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Dustin M. Chouinard, Markette & Chouinard P.C., Hamilton, Montana

      For Appellee:

      Donald C. St. Peter, Michael O'Brien, Logan Nutzman, St. Peter Law
Offices, P.C., Missoula, Montana

                  Submitted on Briefs:  April 6, 2021

                              Decided:  April 20, 2021

Filed:

_____
                       Clerk

Justice Laurie McKinnon delivered the Opinion and Order of the Court.

¶1     Receiver and Appellee Jim Galipeau (Receiver) has moved to dismiss this appeal.[1] Intervenor and Appellant PF2 Leasing, LLC (PF2), opposes Receiver's motion.

¶2     We consider the following issue:

*Is PF2's appeal from a Special Master's Determination properly before this Court on appeal?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     PF2 intervened in *Pummill v. Patterson*, Cause No. DV-18-1450, in the Fourth Judicial District Court, Missoula County, for the limited purpose of seeking return of personal property that is in Receiver's possession. The District Court appointed attorney Kevin S. Jones as "Special Master" to resolve the dispute, and Jones issued a Special Master's Determination (Determination) on January 28, 2021. PF2 then filed objections to the Determination in the District Court. However, on March 10, 2021, PF2 filed its Notice of Appeal to this Court, prior to the District Court's ruling on PF2's objections to the Determination.

## DISCUSSION

¶4     In moving to dismiss this appeal, Receiver argues that this matter is not properly before this Court because no justiciable controversy exists until the District Court rules on PF2's objection. Receiver maintains M. R. App. P. 6(3)(g), allows an aggrieved party to appeal from an order giving directions with respect to a receivership, "provided that the

---

[1] We have amended the caption to reflect the parties to this appeal.

order is the court's final decision on the referenced matter," but alleges that in this case, the Determination is not "the court's final decision."

¶5  PF2 responds that this matter is ripe for appeal because the determination of a special master may be appealed directly to this Court. Relying on § 3-5-113, MCA, M. R. Civ. P. 53, and *Beals v. Beals*, 2013 MT 120, 370 Mont. 88, 300 P.3d 1158, PF2 explains that whether a matter decided by a master may be appealed directly to this Court depends upon whether the master is a "Special Master" or a "Standing Master," with a decision of the former being directly appealable while a decision of the latter must be endorsed by the District Court who appointed the Master. PF2 maintains that in this case, the specific designation of the master was unclear and it therefore filed objections to the Determination with the District Court pursuant to M. R. Civ. P. 53(e)(2). However, when the District Court did not quickly rule on PF2's objections, PF2 felt it necessary to assume that the master was in fact a special master and that it needed to appeal to this Court to preserve its claim.

¶6  In *Beals*, we explained that appeals taken from rulings of standing masters and special masters follow different routes. Section 3-5-126(2), MCA, provides in relevant part that a party may file objections to the decision of a standing master with the District Court, which may, after a hearing, adopt, modify, reject, etc., the standing master's decision. See *Beals*, ¶ 7. Section 3-5-113, MCA, sets forth the powers of a special master; § 3-5-113(1)(c), MCA, specifies that any order, judgment, or decree made by a special master has the same force and effect "as if made . . . by the district court with the regular judge presiding." Therefore, when the parties have agreed to replace the

District Court Judge with a special master, the only procedure by which to obtain review of that special master's decision is by direct appeal to this Court. *Beals*, ¶ 9.[2]

¶7 Receiver does not dispute that Jones was appointed as a special master, but nonetheless argues that this controversy is not ripe for appeal because the Determination is not an order from which a direct appeal may be taken. Receiver argues that the District Court must first rule upon PF2's objections before an appeal may be taken. However, Receiver fails to appreciate the distinction between standing masters and special masters, as this Court explained in *Beals*. If in this instance the District Court appointed a special master, PF2's appeal is properly before this Court because the Determination would then constitute a final, appealable decision. M. R. App. P. 6(3)(g). If, however, the master is a standing master, PF2 was correct in filing its objections in the District Court pursuant to § 3-5-126(2), MCA, and PF2's appeal is premature as the District Court has not ruled upon the filed objections. We therefore must determine the nature of Jones's appointment as that determination controls whether this appeal may proceed.

¶8 PF2 asserts that while it would have been preferable if the District Court had definitively stated it was appointing a special master pursuant to § 3-5-113, MCA, it is nonetheless evident that this was what the District Court intended to accomplish. Having reviewed the pertinent documents in the District Court record, we agree with PF2, as explained below.

---

[2] In its brief in opposition to Receiver's motion to dismiss, PF2 points out that in older cases, this Court did not make the clear distinction between standing and special masters as we did in *Beals*.

¶9 When PF2 first moved to intervene in the underlying case, Receiver did not oppose PF2's intervention so long as intervention was "for the limited purpose of dealing with the transfer of PF2 personal property and for no other purpose." Accordingly, on September 18, 2020, the District Court issued an order granting PF2 the right to intervene for the limited purpose of determining the rightful ownership of certain property in possession of Receiver. PF2 then moved the court to order Receiver to return the identified property. Receiver opposed PF2's motion. Receiver explained that PF2 and Receiver found themselves at an impasse because Receiver was willing to transfer the identified property to PF2 in exchange for a release of liability, but PF2 refused to execute such a release. After the motion was fully briefed, Receiver requested a hearing on that motion along with another pending motion.

¶10 On October 27, 2020, the District Court issued its Order Denying Receiver's Request for Hearing and Order Appointing Special Master on Limited Issue. In that order, the court ruled,

> In the best interest of the parties and efficient use of judicial resources, a special master shall be appointed to resolve the limited issue of the return of PF2's property and other issues as outlined in the Receiver's Motion for Order Adopting Receiver's Process (ROA 172) and PF2's Motion for Order to Return Property (ROA 246). *See* M.C.A. § 3-5-115(1)(a).[3]

The court ordered the parties to submit names for an agreed-upon special master.

---

[3] In its response to the present motion to dismiss, PF2 notes that § 3-5-115(1), MCA, does not have subsections. We agree with PF2 that the District Court likely meant to refer to § 3-5-113(1)(a), MCA.

¶11 On November 6, 2020, Receiver and PF2 submitted three names they had agreed upon as potential special masters. The court issued its Order Regarding Special Master on November 10, 2020, ordering the parties to inquire as to the availability of the candidates they had agreed upon, beginning with Jones. Receiver later filed a status report informing the court that Jones had "agreed to act as Special Master to resolve the disputes between the Receiver and Intervenor PF2 Leasing, LLC, regarding the return of property[.]" The court then issued its Order Appointing Special Master, which appointed Jones, ordered Receiver and PF2 to "split all costs associated with the Special Master," and granted Jones "all duties and powers granted to a Special Master under Mont. R. Civ. P. 53(c)(2)."

¶12 On November 10, 2020, Receiver filed Receiver's Motion for Order Submitting All Outstanding Motions to the Standing Master. In that motion, Receiver enumerated numerous outstanding motions that involved matters that directly concerned Plaintiffs and Defendants in the underlying action. Receiver asserted that the court's October 27, 2020 Order Denying Receiver's Request for Hearing and Order Appointing Special Master on Limited Issue had ordered Receiver and PF2 to submit their dispute to a "Standing Master pursuant to this Court's Order[.]"

¶13 Defendants' response in opposition to Receiver's motion is instructive. Defendants pointed out that special masters and standing masters are "materially different" from each other. They asserted, in part:

> Defendants' counsel contacted the Receiver's counsel to clarify if the Receiver requested the appointment of a *special* or *standing* master since the two masters are materially different. The Receiver's counsel clarified that the Receiver sought a *special* master appointment which matches the statutory language cited by the Receiver in the *Receiver's Motion for Order Submitting*

6

*All Outstanding Motions to the Standing Master*. (Doc. 259, 3) (citing Mont. R. Civ. P. 53(a)(1)(B)). As such, Defendants' arguments are lodged solely against the appointment of a *special* master.

(Emphasis in original.) Defendants then explained that § 3-5-113(1)(a), MCA, mandated that the parties must agree in writing to the appointment of a special master and, in this instance, that would preclude the court from appointing a special master to hear the outstanding motions because Defendants would not agree to such.

¶14 Unfortunately, in ruling upon Receiver's Motion for Order Submitting All Outstanding Motions to the Standing Master, the District Court did not clarify Jones's status. On December 18, 2020, the court issued an Order Regarding Receiver's Motion for Order Submitting All Outstandning [sic] Motions to the Special Master in which the court alternately referred to Jones as "Special Master," "Standing Master," and "Settlement Master." The court acknowledged that Defendants based their objection in part on the requirement of § 3-5-113(1)(a), MCA, that parties agree in writing to the appointment of a special master. The court noted that it appointed a Special Master to resolve the dispute between Receiver and PF2 with the written agreement of the parties, with Receiver and PF2 to split the associated costs. The court then ruled that, in the interest of judicial economy, one of Defendants' outstanding motions, as well as certain issues raised in another outstanding motion, "are additional preliminary motions that may be resolved by the Settlement Master." The court further ruled that "any scheduling or briefing matters . . . may be resolved through the use of the Standing Master with costs equally split between the parties involved in the motions." Elsewhere in its order, the court stated, "The Settlement Master costs shall be split by the parties involved in the subject motions."

7

¶15     On January 28, 2021, Jones issued a Determination resolving the dispute between Receiver and PF2 regarding the identified property and Receiver's demand of a release from liability—the decision which PF2 seeks to challenge in this appeal. The Determination makes it clear that Jones believed the District Court had appointed him as a special master. Jones noted that the District Court's December 18, 2020 order indicated that certain matters could be resolved by the "Settlement Master" and asserted, "It is apparent to the Special Master that the District Court's reference to 'Settle [sic] Master' in its December 18, 2020, Order was intended to reference the Special Master."

¶16     On February 8, 2021, PF2 filed objections to the Determination in the District Court, within which it urged the court not to adopt certain findings Jones made. However, PF2 filed its Notice of Appeal prior to the District Court ruling on the objections. PF2 asserts that it filed objections in the District Court to ensure it did not waive its right of appeal, as PF2 believed that filing such objections was consistent with M. R. Civ. P. 53(e)(2). Rule 53(e)(2) provides, in relevant part:

> In an action to be tried by the court, the court must accept the master's findings of fact unless clearly erroneous. Within 10 days after being served with notice of the filing of the report, any party may serve written objections to the report. . . . After hearing, the court may adopt the report, modify it, reject it in whole or in part, receive further evidence, or recommit it with instructions.

¶17     Rule 53(a)(1) provides that the Rule applies to both standing masters and special masters, among other designations. However, once a special master is appointed under § 3-5-113, MCA, to try the matter, that cause which the special master is appointed to decide is no longer "to be tried by the court" that appointed the special master. The

8

appointing court, having divested itself of a matter by appointing a special master to decide the matter, has no power to review the decision reached by the special master. The decision of the special master has "the same force and effect as if made or rendered by the district court with the regular judge presiding." Section 3-5-113(1)(c), MCA. Therefore, Rule 53(e)(2) applies only in those situations, such as appointments of standing masters pursuant to § 3-5-126, MCA, where the appointing court retains the authority to review the determinations made by the master. Because the District Court appointed Jones as a special master, Rule 53(e)(2) is inapplicable here.

¶18 Although the relevant District Court orders have created some confusion as to Jones's status, we nonetheless conclude that, as a whole, the record indicates Jones was appointed as a special master.[4] PF2, Receiver, Jones, and the District Court have all, more often than not, referred to Jones as Special Master, and the manner in which Jones was appointed and the Determination Jones issued is consistent with that role. As such, the provisions of § 3-5-113, MCA, apply to his appointment and pursuant to § 3-5-113(1)(c), MCA, his Determination "has the same force and effect as if made or rendered by the district court with the regular judge presiding." Thus, PF2's appeal may proceed as the Determination is appealable as the final decision on an order giving direction with respect to a receivership. M. R. App. P. 6(3)(g). *See Beals*, ¶ 9.

---

[4] Admittedly, the District Court's December 18, 2020 ruling that ordered certain additional motions to be resolved by a "Settlement Master" over Defendants' objections and Defendants' refusal to agree in writing to the appointment of a special master weighs against this conclusion. However, the correctness of that ruling is not before us at this time and we find that the preponderance of the evidence supports the conclusion we have reached within this Order.

## CONCLUSION

¶19 IT IS THEREFORE ORDERED that the motion to dismiss is DENIED.

¶20 IT IS FURTHER ORDERED that Appellant shall prepare, file, and serve its Opening Brief on this appeal no later than 30 days from the date of this Order.

¶21 The Clerk is directed to provide a copy of this Opinion and Order to all counsel of record.

Dated this 20th day of April, 2021.

/S/ LAURIE McKINNON

We concur:

/S/ MIKE McGRATH
/S/ INGRID GUSTAFSON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR