FILED

11/02/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0522

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 21-0522

IN RE THE MARRIAGE OF:

ANGELIKA KAFFENBERGER, f/k/a
ANGELIKA O'CONNELL,

Petitioner and Appellee,

and

THOMAS O'CONNELL,

Respondent and Appellant.

ORDER

Representing himself, Thomas O'Connell petitions this Court for an out-of-time appeal, indicating that he discussed filing a timely appeal with his attorney, but that his attorney failed to file it for him. Thomas includes a copy of an April 14, 2021 Judgment, issued in the Eighth Judicial District Court, Cascade County, after a hearing determining payments owed, interest, and attorney's fees. At this hearing, Thomas was represented by counsel. Through counsel, Angelika Kaffenberger has filed a response in opposition to Thomas's Petition for an Out-of-Time Appeal. Thomas also moves this Court to stay execution of an order during his appeal.

As a threshold matter, Thomas's motion is improperly pled. He indicates that he included an affidavit in support of his motion. There is no affidavit included nor did Thomas serve opposing counsel with a copy of his motion. We will not consider this document.

Thomas argues that he was not represented properly in the District Court. He provides that the April 13, 2021 hearing was held by Standing Master David Grubich and that his attorney did not follow-through with Thomas's witnesses for this hearing. He contends that he was awarded the house in the divorce decree and that now "[t]he judge ordered the house to be sold." He contends that his ex-wife's realtor was selected and that

he later objected to this because he has a "legal right to pick [his] realtor if need be." Thomas provides that he cannot sell the house because of the tax liens.

Angelika responds that this Court should deny Thomas's Petition. Angelika explains that Thomas was given numerous opportunities to comply with the divorce decree, which was entered on August 16, 2017. She includes a copy of the court's docket and further explains that the April 14, 2021 Order attached to his Petition was entered by the District Standing Master. Angelika also points out that the Standing Master issued the July 13, 2021 Order After Hearing, regarding the sale of the residence and listing the property for sale by July 16, 2021. Citing to M. R. App. P. 4(6), Angelika contends that there are no extraordinary circumstances to warrant an out-of-time appeal. She concludes that "[t]he orders were entered only after [Thomas] failed to abide by the provisions of the agreed-upon decree."

M. R. App. P. 4(6) allows this Court to grant an out-of-time appeal "[i]n the infrequent harsh case and under extraordinary circumstances amounting to a gross miscarriage of justice[.]"

Upon review, Thomas seeks to delay what has been put in motion more than four years ago. According to the register of actions, this proceeding was initially closed on August 16, 2017, when the court entered its decree based on the hearing for joint petition for dissolution. In May 2018, a motion to enforce maintenance was filed, and the matter was referred to a Standing Master on September 13, 2018. Since then, it appears the Standing Master has tried to enforce the 2017 decree through hearings on the case's status and contempt motions. The recent July 13, 2021 Order pointed out that the sale of the residence was originally ordered in March 2021, and that Thomas's bankruptcy proceeding had been dismissed in June 2021. The court granted Thomas's counsel leave to withdraw after the July 2021 hearing. Thomas's relief is not with this Court. We point out that a party cannot appeal an order issued by a standing master. *Beals v. Beals*, 2013 MT 120, ¶¶ 10-13, 370 Mont. 88, 300 P.3d 1158; § 3-5-126, MCA. Thomas has not demonstrated a harsh case, and denial of his petition will not result in a gross miscarriage of justice.

2

IT IS ORDERED that Thomas's Petition for an Out-of-Time Appeal is DENIED and DISMISSED.

IT IS FURTHER ORDERED that Thomas's "Motion to Stay of Execution of Order During Appeal with Montana Supreme Court" is DENIED, as moot.

The Clerk of the Supreme Court is directed to provide a copy of this Order to Tina Henry, Clerk of District Court, under Cause No. CDR-17-381; to counsel of record, and to Thomas O'Connell personally.

DATED this 2nd day of November, 2021.

_____
Chief Justice

_____

_____

_____

_____
Justices

3