IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
September 08, 2022 02:59 PM
ST-2016-MC-00075
TAMARA CHARLES
CLERK OF THE COURT

## SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS / ST. JOHN

| | |
|---|---|
| RODNEY STANLEY,<br><br>PLAINTIFF,<br><br>V.<br><br>VIRGIN ISLANDS BUREAU OF CORRECTIONS AND WYNNIE TESTAMARK,<br><br>DEFENDANTS. | Case No. ST-2016-MC-00075<br><br>Putative Class Action<br><br>Complex Litigation Division |

Cite as: 2022 VI Super 77

**Appearances:**

**JOSEPH A. DIRUZZO, III, ESQ.**
DiRuzzo & Company
Ft. Lauderdale, FL 33301
*For Plaintiff*

**IAN S.A. CLEMENT, ESQ.**
Assistant Attorney General
Virgin Islands Department of Justice
St. Thomas, VI 00802
*For Defendants*

### MEMORANDUM OPINION AND ORDER

**WILLOCKS, Administrative Judge.**

¶1 **BEFORE THE COURT** is a motion filed by Defendants Virgin Islands Bureau of Correction (hereinafter "BOC") and Wynnie Testamark (collectively "Defendants") to reconsider an order of the Staff Master that, *inter alia*, denied the Defendants' motion to stay discovery and directed that discovery proceed but only as to whether this case could continue as a class action. Also before the Court is a Recommendation of the Staff Master to either deny the Defendants' motion for judgment on the pleadings or convert it into a motion for summary judgment and grant the parties leave to file a reply and a

surresponse to address questions of first impression under Virgin Islands law. As the Defendants' motion and the Staff Master's recommendation are interrelated, the Court addresses them together. For the reasons stated below, the Court will construe the Defendants' motion to reconsider as an objection under Rule 53(f)(2) of the Virgin Islands Rules of Civil Procedure and overrule it and affirm the Staff Master's Order. The Court will also reject the Staff Master's recommendation to convert the Defendants' motion for judgment on the pleadings into a motion for summary judgment, and instead adopt the recommendation to deny the motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

¶2 The factual and procedural history of this case was detailed at length in a prior Memorandum Opinion. *See generally Stanley v. V.I. Bureau of Corr.*, 72 V.I. 657, 660-63 (Super. Ct. 2020). Stanley pled guilty to voluntary manslaughter and carrying or using a dangerous weapon during the commission of a crime of violence and was sentenced, in April 2012, to serve two consecutive terms. His expected release was thought to be 2028. Three years after he was sentenced, the Virgin Islands Legislature amended the Territory's good conduct laws to allow for a reduction of an inmate's sentence upon completion of academic or vocational courses. *See generally* 5 V.I.C. § 4571(b). "Stanley took several vocational courses before and after the law changed but did not receive credit for all the courses. So, on September 27, 2016, Stanley filed a document on his own behalf with the Superior Court of the Virgin Islands titled 'Motion for Injunction: Action for Reduce Credit Time.' He ask[ed] the Court to compel BOC to recalculate his good time credit, and for habeas relief." *Stanley*, 72 V.I. at 661 (citation omitted).

¶3 After a delay unrelated to the matters before the Court, BOC appeared and opposed Stanley's petition for failure to exhaust administrative remedies. Stanley was allowed to reply but he simply resubmitted the same papers showing what courses he took. The Court (Francois, J.) appointed counsel who moved for leave to amend Stanley's *pro se* pleading. The proposed complaint sought relief on a class-

wide basis. Stanley also simultaneously filed a motion for class certification. The day before a status conference, BOC awarded Stanley credit for some courses and then orally moved to dismiss, claiming the case was moot because he received some of the relief sought. *See generally id.* at 661-62.

¶4 The Presiding Judge of the Superior Court later designated this case as complex, transferred it to the Complex Litigation Division, and reassigned it to the judge who was assigned at that time to sit in the Complex Litigation Division. The Court (Molloy, J.) denied the Defendants' motion to dismiss and granted Stanley's motion to amend. Stanley's First Amended Class Action Complaint was deemed filed on May 30, 2018. *See* V.I. R. Civ. P. 15-1(a)(2). At that juncture, this case became a putative class action. The Defendants were directed to answer the complaint. In a separate order, the Court denied Stanley's motion to certify a class without prejudice.

¶5 Stanley filed a Renewed Motion for Class Certification on May 4, 2020, which the Defendants opposed. That motion remains pending. The Defendants also filed a Motion to Stay Discovery and for a Protective Order on May 27, 2020, asking that discovery be stayed pending a decision on class certification and also because of COVID-19 restrictions that were in effect at the time. Stanley opposed staying discovery and counter-proposed that discovery be bifurcated into class-based discovery first, followed by merits-based discovery. Stanley also filed a Motion for Leave to Conduct Class Discovery on June 11, 2020, which the Defendants opposed.

¶6 Following the conclusion of the prior judge's term, this Court, in its now-former administrative capacity as Presiding Judge of the Superior Court, reassigned all Complex Litigation Division cases between itself and the Honorable Alphonso G. Andrews, Jr. This case was among the cases the Court assigned to itself as part of the division of caseloads. The Court scheduled an initial status conference for

July 19, 2021, heard briefly from the parties on whether the case meets the requirements of a class action,[1] and then adjourned the case to September 7, 2021 for oral argument. In the interim, Stanley was paroled from prison based on a mistake in how the judgment and commitment was prepared. *See generally Stanley v. Gov't of the V.I.*, 2021 VI 2U, ¶ 6 ("Based on their review of the transcript, appellees . . . point[ed] out the trial judge's statement that Stanley's sentence . . . would run *concurrent* . . . not consecutive. 'It is well established that, when a written sentence conflicts with an oral sentence, the offending provision should be vacated with instructions for the trial court to conform the written judgment to the oral sentence, unless the oral sentence is itself illegal.' Since the oral sentence was not illegal, Stanley was eligible for parole after seven-and one-half years." (citations and footnote omitted)). As a result of his release, the Defendants, on August 30, 2021, filed a Motion for Judgment on the Pleadings, claiming again that this case was moot. Stanley opposed that motion.

¶7     The Court would have heard argument on the Defendants' motion for judgment on the pleadings at the September 7, 2021 hearing, but counsel for the Defendants failed to appear. So, the Court issued a show cause order and continued the hearing to December 9, 2021. The December 9, 2021 hearing also did not go forward because both counsels had a conflict with oral argument scheduled before a panel of the United States Court of Appeals for the Third Circuit on the same day. As the Court had appointed a staff master for the Complex Litigation Division by then, the Staff Master granted both motions, continued oral argument to January 7, 2021, and directed counsel to appear remotely before the Staff Master to argue all pending motions.

¶8     The Staff Master heard argument on the Defendants' motion to stay discovery and Plaintiff's

---

[1] During the July 19, 2021 hearing, the Court disclosed on the record that Stanley is the undersigned judge's nephew by marriage and thus, pursuant to Title 4, Section 284(2) of the Virgin Islands Code, the undersigned judge would be disqualified. Counsel for the parties did not objection to the Court continuing on the case. Considering that Stanley is proceeding on behalf of a putative class and, as discussed further below, may not remain class representative for much longer, the Court sees no need to remove itself from the case, particularly as neither side objected. *Cf.* 4 V.I.C. § 286.

motion for leave to conduct class discovery. At the close of the hearing, the Staff Master denied the Defendants' motion as to class-based discovery and denied it without prejudice as to merits-based discovery, and granted Plaintiff's motion for leave to conduct class discovery. The effect of both rulings was to permit discovery to go forward but only as to class-based discovery. In an order entered immediately after hearing, the Staff Master directed the parties to exchange Rule 26(a)(1) disclosures (if not already exchanged) and set a date for Plaintiff to submit a proposed order to govern class-based discovery. The proposed order was to be limited only to identifying persons

> (1) who were remanded into the care, custody and control of the Virgin Islands Bureau of Corrections pursuant to a judgment or other official decree issued by a court of record in the Virgin Islands on or after July 30, 2015; and (2) who were eligible, as of July 30, 2015, to obtain a reduction in their term of incarceration pursuant to [T]itle 5, [S]ection 4571(b) of the Virgin Islands Code, and (3) who, at any time between July 30, 2015 and the date of entry of th[e] order, submitted a request for a sentence reduction pursuant to [T]itle 5, [S]ection 4571(b) of the Virgin Islands Code. (Order 2, entered Jan. 12, 2022.)

The Staff Master's Order further directed that class-based discovery be completed within six months. Lastly, the Staff Master deferred recommending a ruling on the Defendants' motion for judgment on the pleadings until a status conference that was scheduled for April 1, 2022.

¶9     Two weeks later, the Defendants, on January 26, 2022, filed a Motion to the Presiding Judge to Reconsider Staff Master's January 12, 2022 Order, which Plaintiff opposed.[2] While briefing on that motion was underway, Plaintiff submitted his proposed order for class-based discovery on January 18, 2022, as corrected on January 21, 2022, which the Defendants objected to on January 28, 2022. The Staff Master held a hearing on March 4, 2022 to resolve the parties' disagreements over the proposed order and sustained two of the Defendants' five objections. The Staff Master then directed Plaintiff to incorporate the Defendants' objections into a revised proposed order. During the March 4, 2022 hearing, the parties

---

[2] At the time the Defendants' filed their motion to reconsider this Court was serving as Presiding Judge of the Superior Court.

addressed with the Staff Master the Defendants' motion to reconsider and, with respect to the Defendants' motion for judgment on the pleadings, the Staff Master noted that summary judgment might be the better vehicle to raise Stanley's release as it had occurred after the pleadings had closed. The Staff Master offered to cancel the April 1, 2022 hearing and issue a recommendation on the motion papers that would include recommending that this Court convert the Defendants' motion for judgment on the pleadings to a motion for summary judgment.

¶10     The Staff Master reduced the March 4, 2022 rulings to writing in an order issued the same day but not entered until March 7, 2022. In furtherance of the discussion about the Defendants' motion for judgment on the pleadings, the Staff Master gave the Defendants a deadline to "[file] a notice advising whether they will stand on the January 26, 2022 motion to reconsider or will withdraw the motion, *contingent* upon the Judge issuing an order converting the motion for judgment on the pleadings to a motion for summary judgment per Rule 12(d) of the Virgin Islands Rules of Civil Procedure." (Order 2, entered Mar. 7, 2022).) The Defendants complied and filed a notice on March 7, 2022, regarding their reconsideration motion, stating that they stood by it, notwithstanding that the Court might convert their motion for judgment on the pleadings into a summary judgment motion. Two days later, on March 9, 2022, the Staff Master issued a recommendation that proposed two options: denial of the judgment on the pleadings motion—because Stanley's release was outside the pleadings—or conversion to summary judgment with leave to address questions of first impression regarding the impact of Stanley's release on a putative class action. Neither side responded. On March 11, 2022, the Staff Master issued an order to govern class-based discovery, providing, *inter alia*, that discovery must conclude by August 26, 2022.

## II.   DISCUSSION

¶11     Per Administrative Order No. 2021-0012, the Supreme Court of the Virgin Islands authorized the creation of a staff master position for the Complex Litigation Division. *See generally In re: Authorization*

*for the Creation & Appointment of Staff Master for the Complex Litig. Div. of the Super. Ct. of the V.I.*, Admin Order No. 2021-0012, 2021 V.I. Supreme LEXIS 14 (V.I. Aug. 12, 2021). In all complex cases, and unless the judge assigned to the case orders otherwise, the staff master has the duty and responsibility to, *inter alia*, "[e]stablish, manage, and supervise discovery plans and other related schedules and issue orders resolving discovery disputes and make recommendations to the judge regarding on going discovery[,]" to "[m]ake or recommend findings of facts and conclusions of law on dispositive motions," to "[c]onduct legal analysis of parties' motions or other submissions and make recommended findings of facts and conclusions of law or other reports[,]" and to "[m]ake formal and informal recommendations and reports to the judge regarding any matter pertinent to the proceedings[.]" *Id.* at *3-4. The staff master also must "file all orders, recommendations and reports promptly with the clerk's office." *Id.* at *4. The Staff Master's January 12, 2022 Order complied with these duties by resolving the parties discovery disputes and establishing a discovery plan for this case. The Defendants do not contend that the Staff Master exceeded his authority. They simply disagree with the Staff Master's rulings. Administrative Order No. 2021-0012 is silent as to what procedure, if any, governs review of the staff master's orders, reports, and recommendations. Thus, the Court must consider what legal standard governs the Defendants' reconsideration motion.

¶12    Having reviewed the parties' motion papers, the Court agrees with Plaintiff that reconsideration is not the correct standard when reviewing an order of the staff master. As Plaintiff points out, "[t]he legal basis for a motion for reconsideration is extremely limited." (Pl's Opp'n to Mot. to Reconsid. 2, filed Feb. 7, 2022.) Plaintiff is also correct that,

> in this jurisdiction "a motion for reconsideration is not a second bite of the apple, but is intended to focus the parties on the original [motion] as the main event, and to prevent parties from filing a second motion with the hindsight of the court's analysis covering issues that should have been raised in the first set of motions." *Id.* at 2-3 (brackets and emphasis omitted) (quoting *In re: Infant Sherman*, 49 V.I. 452, 457 (2008)).

Plaintiff asserts that "this Court should not give the Defendants a second chance as they had their opportunity to timely raise their arguments before the Staff Master, but failed to do so. A second bite at the apple is exactly what the Defendants want . . . ." *Id.* at 3. But Plaintiff's own authorities actually highlight why reconsideration is not proper and further why a "second bite" is permitted here.

¶13 "[M]asters are quasi-judicial [officers]." *Kehoe v. Kehoe*, 83 Pa. D. & C. 229, 230 (C.P. 1952); *Rodriguez v. Tax Adjustment Experts, Inc.*, 551 So. 2d 537, 537 (Fla. Dist. Ct. App. 1989) ("[A]s a special master, the petitioner is a quasi-judicial officer."). In federal courts, "'[t]he powers of special masters, who are quasi-judicial officers, are set forth generally in Federal Rule of Civil Procedure 53.'" *Laube v. Campbell*, 333 F. Supp. 2d 1234, 1240 (M.D. Ala. 2004) (quoting *Benjamin v. Fraser*, 343 F.3d 35, 45 (2d Cir. 2003)). Like federal courts, Virgin Islands courts also have the authority to appoint special masters. *See* V.I. R. Civ. P. 53. The staff master position is somewhat different in that the Supreme Court of the Virgin Islands created the position for the Complex Litigation Division in furtherance of its general superintendent powers over the Judiciary. *See In re: Authorization for the Creation & Appointment of Staff Master*, 2021 V.I. Supreme LEXIS 14 at *2 ("[P]ursuant to the inherent authority of this Court *as well as* the express authority provided in Section 21(c) of the Revised Organic Act, and title 4, chapter 2 of the Virgin Islands Code, the position of staff master is **HEREBY ESTABLISHED** within the Complex Litigation Division of the Superior Court of the Virgin Islands." (emphasis added)); *accord In re P.L. 2001, Ch. 362*, 895 A.2d 1128, 1136 (N.J. 2006) (reaffirming supreme court's "authority not only to set the terms and conditions of employment of judiciary personnel, but also to determine their functions within the court system.").

¶14 However, even though the staff master differs from special masters—being a division-wide position akin to standing masters in the federal system, *cf. Plumb v. State*, 809 P.2d 734, 742 (Utah 1990) ("Federal rule 53 originally allowed a majority of judges within any district to appoint 'standing masters'

within their district."), but compensated by the Judicial Branch not the parties, *cf. Christy & Tessier, P.A. v. Witte*, 495 A.2d 1291, 1292-93 (1985) (*per curiam*) ("We know from our own judicial experience that the great majority of cases committed to masters in the superior court are heard before regular masters who are compensated by the State at no extra expense to the parties.")—the limitations on the staff master are the same as those on special masters. *But cf., e.g., Beals v. Beals*, 88, 300 P.3d 1158 (Mont. 2013) (distinguishing statutory authority of special masters and standing masters).

¶15     Administrative Order No. 2021-0012 directs that the creation of the staff master position cannot be "construed to alter or restrict the authority of the judge(s) assigned to the complex cases to revise or vacate any order or ruling of a master." *In re: Authorization for the Creation & Appointment of Staff Master*, 2021 V.I. Supreme LEXIS 14 at *5. Thus, judges assigned to the Complex Litigation Division retain the discretion to act, at any time, on an order or a ruling of the staff master by revising or vacating that decision. Consequently, if the judge retains the authority to revise or vacate an order or ruling of the staff master, then the procedure to invoke this authority cannot be reconsideration. As Plaintiff points out, the Defendants cannot satisfy any of the grounds for reconsideration here because there has not been an "intervening change in controlling law[,]" for example, or "the need to correct clear error of law[.]" V.I. R. Civ. P. 6-4(b)(1), (3). What's more, it is generally understood that reconsideration is reserved for the same judicial or quasi-judicial officer who issued the decision being challenged. *Accord Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983) ("Reconsideration, as generally used is a reconsideration by the same court by which the original determination was made."); *J.I. Case Co. v. McDonald*, 280 P.2d 1070, 1073 (Idaho 1955) ("'Rehearing' or 'reconsideration' as used here properly refers to a reconsideration by the same court by which the original determination was made."); *see also Decker v. Smith*, 225 F. 776, 777 (N.D.N.Y. 1915) ("The object of filing objections with the master to his draft or proposed report is to give him an opportunity to correct his report, reconsider any

point objected to, and decide differently if he on reconsideration deems himself in error. But these exceptions to the proposed or draft report are not a substitute for the exceptions required to be filed to the report as finally made and do not take their place."). The Defendants have not asked the Staff Master to reconsider the January 12, 2022 Order. *Cf. Ywswf v. Teleplan Wireless Servs.*, 726 N.W.2d 525, 531 (Minn. Ct. App. 2007) ("But rather than providing that a party may seek *de novo* review from a higher-level decision-maker, a party now must request reconsideration from the same ULJ [or unemployment law judge] who conducted the initial evidentiary hearing."). They are asking that the Judge to review the Staff Master's order. Despite titling their motion as one for reconsideration, what the Defendants seek here is not reconsideration because reconsideration is not the legal standard a judge applies when reviewing a master's order.

¶16    Instead, what the Defendants seek here is relief under Rule 53(f) of the Virgin Islands Rules of Civil Procedure, something they reference in both their Motion and their Reply. That is, although the Defendants titled their motion as seeking reconsideration, they actually are objecting to the Staff Master's Order and objection to a master's order is a means of obtaining review by a judge. *See* V.I. R. Civ. P. 53(f)(2) ("A party may file objections to – or a motion to adopt or modify – the master's order, report, or recommendations no later than 21 days after a copy is served, unless the court sets a different time."). Administrative Order 2021-0012 does not state that the staff master's orders, reports, and recommendation are reviewable under Rule 53(f), however, and neither side addressed this issue. Instead, the Defendants moved for reconsideration but cited Rule 53(f) in support and Plaintiff opposed, claiming Rule 6-4 does not apply while ignoring the Defendants' references to Rule 53(f). Thus, the Court must first consider whether Rule 53(f) of the Virgin Islands Rules of Civil Procedure should apply when a judge considers a challenge to a ruling of the staff master.

¶17    The Virgin Islands Rules of Civil Procedure were patterned largely, but not entirely, after the

Federal Rules of Civil Procedure. Like the federal rule, Rule 53 of the Virgin Islands Rules of Civil Procedure omits all references to "special" and refers only to masters. The Virgin Islands Supreme Court was aware of Rule 53 when the Court created the staff master position. "When procedure is not prescribed by these Virgin Islands Rules of Civil Procedure, precedent from the Supreme Court of the Virgin Islands, or the Virgin Islands Code, a judge may regulate practice in any manner consistent with law of the Virgin Islands." V.I. R. Civ. P. 1-3(a). Administrative Order No. 2021-0012 clearly reserves to the judge assigned to a complex case the discretion to reexamine a decision or ruling of the staff master at any time during the life of a case. A procedure to exercise that discretion must have been implied. Otherwise, if the judge could vacate or revise the staff master's decisions and rulings at random, if would have the effect of undermining the determination of the Virgin Islands Supreme Court "that the public interest as well as the interests of justice are best served by the appointment of a full-time staff master, who shall serve as an employee of the Judicial Branch of the Virgin Islands, assigned to the Complex Litigation Division[.]" *In re: Authorization for the Creation & Appointment of Staff Master*, 2021 V.I. Supreme LEXIS 14 at *1-2. Thus, absent another procedure, this Court believes Rule 53(f) should govern review of the rulings and decisions of the staff master. Accordingly, this Court holds that objections to, or motions to modify or adopt, an order, report, or recommendation of the staff master are governed by Rule 53(f) of the Virgin Islands Rules of Civil Procedure. Thus, the Court will construe the Defendants' Motion to the Presiding Judge to Reconsider the Staff Master's January 12, 2022 Order as an Objection under Rule 53(f)(2) to the Staff Master's order

¶18    "A party may file objections to – or a motion to adopt or modify – the [staff] master's order, report, or recommendations no later than 21 days after a copy is served, unless the court sets a different time." V.I. R. Civ. P. 53(f)(2). The Staff Master issued the order in question on January 12, 2022. As the Court did not set a different time, objections to, or motions to adopt or modify, were due on or before February

2, 2022. *See id.* The Defendants filed their Motion to the Presiding Judge to Reconsider the Staff Master's January 12, 2022 Order on January 26, 2022, fourteen days after the order issued. That motion, construed as an objection under Rule 53(f), was timely filed and is properly before the Court.

¶19    "The court must decide *de novo* all objections to findings of fact made or recommended by a [staff] master, unless the parties, with the court's approval [provide otherwise]." V.I. R. Civ. P. 53(f)(3); *cf. In re: Authorization for the Creation & Appointment of Staff Master*, 2021 V.I. Supreme LEXIS 14 at *4 (authorizing additional "duties stipulated to in writing by the parties and approved by the judge presiding over the case[.]"). Plaintiff and the Defendants did not ask the Court to approve a different review standard. Thus, to the extent the Defendants object to any factual findings of the Staff Master, the Court reviews those findings *de novo*. Objections to the Staff Master's legal conclusions are also reviewed *de novo*. *See* V.I. R Civ. P. 53(f)(4) ("The court must decide *de novo* all objections to conclusions of law made or recommended by a master."). However, the Staff Master's "ruling on a procedural matter [is reviewed] *only* for an abuse of discretion." V.I. R. Civ. P. 53(f)(5) (emphasis added).

¶20    The phrase "procedural matter" is not defined in Rule 53 and the Advisory Committee's Notes do not provide any guidance. Rule 53 of the Virgin Islands Rules of Civil Procedure is modeled after Rule 53 of the Federal Rules of Civil Procedure and, therefore, "the body of case law construing th[e federal] rule may properly be considered in construing [the local rule]." *Slack v. Slack*, 69 V.I. 567, 573 (2018). Some federal courts have drawn a distinction between a master's ruling on a purely procedural matter and a procedural matter that is based on a legal question. *Cf. Callwave Communs. LLC v. AT&T Mobility LLC*, Civ. Action No. 12-1701-RGA, 2016 U.S. Dist. LEXIS 78278, *6 (D. Del. June 16, 2016) ("What is the line between a procedural matter and a non-procedural matter? A schedule would be a procedural matter. Failure to file something before the Special Master according to the schedule set would be a procedural matter. On the other hand, resolution of attorney-client privilege issues is not a procedural matter. In my

opinion, a ruling on the exclusion of evidence at trial . . . seems like something more than a procedural matter, as it involves findings of fact and, ultimately, a conclusion of law." (footnotes and citations omitted)). However, most federal courts agree that "[a] decision regarding the scope of discovery is a procedural matter, reviewed for abuse of discretion." *In re: Hardieplank Fiber Cement Siding Litig.*, No. 12-md-2359, 2014 U.S. Dist. LEXIS 10205, *2 (D. Minn. Jan. 28, 2014); *accord Arconic Corp. v. Novelis Inc.*, No. 17-1434, 2021 U.S. Dist. LEXIS 187883, *6 (W.D. Pa. Sep. 30, 2021) ("The majority of courts regard a special master's determination about the scope of discovery as a procedural matter subject to 'abuse of discretion' review."); *Ravin Crossbows, LLC v. Hunter's Mfg. Co.*, No. 5:18-cv-1729, 2020 U.S. Dist. LEXIS 243599, at *5-6 (N.D. Ohio Dec. 29, 2020) ("Under Fed. R. Civ. P. 53(f)(5), where a party objects to a Special Master's ruling on a procedural matter, such as the scope of discovery . . . the Court reviews the ruling only for abuse of discretion. This is similar to the scope of review of a district court's discovery orders by the circuit court."); *Nippon Steel & Sumitomo Metal Corp. v. POSCO*, Civil Action No. 12-2429 (SRC), 2014 U.S. Dist. LEXIS 42444, *2 (D.N.J. Mar. 26, 2014) ("The rulings on discovery matters contained in the Order of August 22, 2013 are procedural matters, and they will be reviewed under an abuse of discretion standard.").

¶21     Here, the Staff Master's order denied the Defendants' motion to stay discovery, granted Plaintiff's motion for leave to conduct class discovery, set a deadline for Plaintiff to file a proposed order, and scheduled a date for the parties to argue the Defendants' judgment on the pleadings motion. The Defendants do not object to the last two directives. Instead, they focus on the Staff Master's decision to not stay discovery until issues raised by their judgment on the pleadings motion had been resolved. Thus, even though the Staff Master's order concerns discovery, it also concerns more than this procedural matter. The Staff Master was aware of why the Defendants opposed going forward with discovery. The decision to defer considering the judgment on the pleadings motion permitted Plaintiff's counsel some time to

determine, through discovery, whether another inmate could substitute in place of Stanley. That said, the Staff Master's January 12, 2022 order did not start discovery (other than Rule 26(a)(1) initial disclosures). The parties did not have to begin discovery until March 11, 2022, after the Staff Master issued the order entered March 7, 2022, which set a deadline to complete class-based discovery. The Defendants did not file an objection to that order. Hence, it could be argued that they waived any objection by not challenging the actual order that required them to engage in discovery. Plaintiff did not argue waiver, however.[3] So the Court declines to consider, on its own without the benefit of briefing, the effect of the Defendants' having failed to object to the order that set discovery deadlines since that order was only issued after the Staff Master had already decided that discovery would not be stayed.

¶22     Furthermore, during a subsequent hearing before the Staff Master on March 4, 2022 to address the Defendants' objections to Plaintiff's proposed discovery order, the parties discussed the Defendants' motion to reconsider the Staff Master's order. The Staff Master noted that, because Stanley's release had occurred after the pleadings had closed, "judgment on the pleadings may not be appropriate." (Order 2, entered Mar. 7, 2022.) The parties also discussed "whether summary judgment would be the better mechanism by which the Defendants' could raise their mootness argument." *Id.* Based on their discussions, the Staff Master "offered to recommend to the Judge that he convert the motion for judgment on the pleadings to a motion for summary judgment. The parties agreed." *Id.* Two days after the order was entered, the Staff Master, on March 9, 2022, submitted his Recommendation, that the Court either convert

---

[3] Plaintiff did argue that the Defendants waived their objections by not raising them to the Staff Master in the first instance. It is a generally accepted that a reviewing court will not consider an issue raised for the first time on review and this principle has been extended to the decisions of masters. *See, e.g., Cobell v. Jewell,* Civil Action No. 96-01285 (TFH), 2016 U.S. Dist. LEXIS 194915, *26 (D.D.C. Oct. 11, 2016) (collecting cases) ("The Court declines to consider arguments raised for the first time in objections to, or "appeals" from, the Special Master's reports and recommendations, rather than before the Claims Administrator or the Special Master."). Here, however, it is not clear what argument Plaintiff believes the Defendants waived by not raising it before the Staff Master first as Stanley's release and the effect it had on the case were squarely raised. Furthermore, Plaintiff's argument was made in a perfunctory manner without sufficient development. Thus, it is rejected.

the Defendants' motion for judgment on the pleadings to a motion for summary judgment and grant the parties leave to address what the soundest rule for the Virgin Islands should be with respect to "headless" class actions, or to deny the motion for judgment on the pleadings. Based on this background, it seems clear that the Staff Master's order was not limited solely to procedural matters. In other words, this is not an instance where one side objected to the number of interrogatories or the length of depositions. In fact, the Defendants objections to the Staff Master's order track the same arguments advanced in their motion for judgment on the pleadings – the effect of Stanley's release from incarceration. However, insofar as the Defendants' object to the Staff Master's decision to deny their motion to stay Discovery and grant Plaintiff's motion for leave to conduct class discovery, that objection must be overruled for several reasons.

¶23     First, the Supreme Court of the Virgin Islands promulgated Rule 26(d)(4) of the Virgin Islands Rules of Civil Procedure, which provides that "[t]he filing of any motion – including potentially dispositive motions such as a motion to dismiss or for summary judgment – shall not stay discovery in the action unless the judge so orders." So far as the record shows, none of the judges who presided over this case stayed discovery. Even though the Defendants moved, on May 27, 2020, to stay discovery, the filing of that motion did not, on its own, stay discovery. Thus, the Defendants have had an obligation, arguably since Rule 26(d)(4) took effect, to engage in discovery. Filing a motion to stay, like filing a dispositive motion, did not shield them from their discovery obligations. Rule 26(d)(4) clearly provides that the filing any motion, including dispositive motions, does not stay discovery. The Staff Master acted in furtherance of this authority by denying the Defendants' motion and ordering them to engage in class-based discovery.

¶24     Second, even though the Staff Master denied the Defendants' motion to stay discovery, the Staff Master limited discovery only to whether this case could proceed as a class. The effect of that decision effectively granted the Defendants the relief they sought, a stay, because discovery on the merits was not

permitted. Instead, discovery was allowed to go forward but only to determine whether this case could proceed as a class action. If it could not, then the Court would have to set a deadline for the putative class members to either intervene or file their own cases.

¶25     This is the third reason why the Defendants' objections must be overruled. Once the Court (Molloy, J.) granted Stanley's motion to amend and allowed him to bring allegations on a class-wide basis, this action became a putative class action. "A putative class action is a representative action in which a representative plaintiff attempts to represent the interests of not only named plaintiffs, but also those of unnamed class members." *Casey v. Merck & Co.*, 722 S.E.2d 842, 846 (Va. 2012) (citing *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 550 (1974)). Although it is an unsettled question of law in the Virgin Islands, *see Castillo v. St. Croix Basic Servs., Inc.*, 72 V.I. 528, 534 (Super. Ct. 2020), courts in other jurisdictions have held "that from the filing of a putative class action until the entry of an order denying class certification, the applicable statute of limitations will be tolled for the claim of a plaintiff who would be a member of the asserted class if the class were certified . . . .'" *Staub v. Eastman Kodak Co.*, 726 A.2d 955, 967 (N.J. 1999). *See also Castillo*, 72 V.I. at 550-53 & nn.10-14 (collecting cases applying the same or similar rule). As the court in *Castillo* explained, "class action tolling continues 'until the day the suit is conclusively not a class action — which may be because the judge rules adversely to the plaintiff, or because the plaintiff reads the handwriting on the wall and decides not to throw good money after bad.'" *Id.* at 567 (quoting *Sawyer v. Atlas Heating & Sheet Metal Works, Inc.*, 642 F.3d 560, 563 (7th Cir. 2011)). "But once tolling ends, one of two things must occur: the former class members must move to intervene or file their own lawsuits." *Id.* at 568 (citing *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 354 (1983)). Assuming, for purposes of this Memorandum Opinion only, that *Castillo* states the soundest rule for the Virgin Islands, it follows then that, even if the Court were to agree with the Defendants and grant their motion for judgment on the pleadings, the Court would still have to stay its decision and allow

Plaintiff's counsel time to notify the former class members since "'the class attorney's duty does not run just to the plaintiffs named in the caption of the case; it runs to all of the members of the class.'" *Abednego v. St. Croix Alumina, LLC*, 63 V.I. 153, 179 (Super. Ct. 2015) (quoting *In re: "Agent Orange" Prod. Liab. Litig.*, 800 F.2d 14, 18 (3d Cir. 1986)).

¶26     Having reviewed the Defendants' motion to stay discovery *de novo*, the Court concludes, like the Staff Master, that it should have been denied. While the reasons the Defendants offered in support of staying discovery, namely the restrictions imposed by the COVID-19 pandemic, would have been compelling when they filed their motion on May 27, 2020, particularly since discovery might have posed a health risk to the prison population in BOC, those concerns had abated by the time the Staff Master issued the order on January 12, 2012, and were further ameliorated by several administrative orders of the Virgin Islands Supreme Court authorizing remote appearance at depositions. *See generally In re: Transition to Resumption of Certain Judicial Branch Operations*, Admin Order No. 2020-0010, 2020 V.I. Supreme LEXIS 14, *11-13 (V.I. May 28, 2020) (modifying and suspending various court rules to permit remote appearance during discovery conferences and requiring remote attendance at depositions). Further, Rule 26(d)(4) expressly rejects a stay of discovery solely because a motion has been filed. Thus, neither the motion to stay discovery nor the motions to dismiss or for judgment on the pleadings, on their own, relieved the Defendants of the duty to participate in discovery even though an order setting the scope of discovery had not been issued yet. *Cf.* V.I. R. Civ. P. 26(f).

¶27     Further, and assuming that the Court's review here is only for abuse of discretion, the Court cannot find that the Staff Master abused his discretion by allowing discovery to proceed solely on a limited basis as to whether this case could proceed as a class action. "An abuse of discretion occurs if the decision 'rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact.'" *Nicholas v. People*, 56 V.I. 718, 729 (2012) (quoting *Stevens v. People*, 55 V.I. 550, 556 (2011)).

The Defendants raised unsettled questions of Virgin Islands law and several courts have found no abuse of discretion if the law is unsettled. *Cf. Mitroff v. Xomox Corp.*, 797 F.2d 271, 279 (6th Cir. 1986) ("Given the uncertainty in the state law, we find no abuse of discretion in the trial court's refusal to exercise pendent jurisdiction over plaintiff's claim."); *Gann v. Williams Bros. Realty*, 283 Cal. Rptr. 128, 132 (Ct. App. 1991) ("A court does not abuse its discretion where any reasonable factors supporting denial of relief can be found even if a reviewing court, as a question of first impression, might take a different view."); *Regino v. Aetna Cas. & Sur. Co.*, 490 A.2d 362, 365 (N.J. Super. Ct. App. Div. 1985) ("We find no abuse of discretion where as here the facts and law were unsettled."). This Court agrees since legal conclusions cannot be errant when the law is unsettled.

¶28 Lastly, the Court notes that the Staff Master, in his March 9, 2022 Recommendation, gave the Defendants the vehicle they sought to get resolution of the novel legal issues raised here, namely whether the Virgin Islands should allow "headless" class actions to proceed. According to the Defendants, even though the Virgin Islands "Supreme Court has not ruled on whether 'headless' class actions will be permitted in the Virgin Islands. . . . [C]ourts in other jurisdictions have denied precertification discovery to headless class actions." (Defs' Mot. to P.J. to Reconsid. Staff Master's Jan. 12, 2022 Order & Incorporated Mem. of Law 3, filed Jan. 26, 2022.) Consequently, Stanley's release rendered this case moot because, regardless of the amount of good time credit he might have been entitled to if he were to prevail, no court cannot grant him relief and order his release. Plaintiff disagrees, noting first that this is a prospective class action. He also notes that the Supreme Court of the United States "has 'held that the termination of a class representative's claim does not moot the claims of the unnamed members of the class.'" (Pl's Opp'n to Mot. to Reconsid. 3 (quoting *Cty. of Riverside v. McLaughlin*, 500 U.S. 44, 51–52 (1991)).) He further notes that the United States Court of Appeals for the Third Circuit, for example, "has held that '. . . special mootness rules have evolved over time to allow a plaintiff to continue seeking class

certification in certain circumstances even though his individual claim for relief has become moot.'" *Id.* (quoting *Richardson v. Bledsoe*, 892 F.3d 273, 279 (3d Cir. 2016)). He also objects to actions taken by a defendant that "moot" the claims of the prospective class representative and thus the entire class. "[W]hen a plaintiff's individual claim for relief is acutely susceptible to mootness by the actions of a defendant, that plaintiff may continue to represent the class he is seeking to certify even if his individual claim has been mooted by actions of the defendant.'" *Id.* at 3-4 (quoting *Richardson*, 829 F.3d at 279). Plaintiff asks to be allowed to continue to "serve as the class representative and [argues], by necessary extension, [that] this is NOT a 'headless' class action as the Defendants suggest." *Id.* at 4. The Defendants, in reply, note that they did nothing to "moot" this case; instead, it was the Supreme Court of the Virgin Islands who, according to them, mooted this case by ordering Stanley released. The Defendants also distinguish the authority Plaintiff relies on since a class has not been certified in this case yet, whereas a class was certified in the cases Plaintiff relies on.

¶29    As noted, neither side responded to the Staff Master's Recommendation, and this raises a different question regarding the standard of review. "In acting on a master's order, report, or recommendations, the court must give the parties notice and an opportunity to be heard; may receive evidence; and may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions." V.I. R. Civ. P. 53(f)(1). If an objection is raised, or a motion to modify or adopt is filed, then, as noted above, the Staff Master's findings of fact and conclusions of law are reviewed *de novo*, while procedural matters are reviewed only for an abuse of discretion. Several federal courts have pointed out that "Rule 53 does not . . . specify the scope of review required as to findings of fact and conclusions of law made by a master that are not the subject of objections by a party." *Seggos v. Datre*, No. 17-CV-2684 (SJF)(ARL), 2019 U.S. Dist. LEXIS 130623, *13 (E.D.N.Y. Aug. 5, 2019). This Court's research shows that most federal courts to consider the same question concluded that clear error is the applicable legal standard for reviewing an

order or recommendation of a master no one objected to. *See generally id.* at *14 ("Courts reviewing

Special Master Reports have also determined, without discussion but with citation to authority involving

review of a Magistrate Judge's report, that those portions of a Special Master's Report to which no

objections have been made are reviewed for clear error."); *accord In re Chi. Bridge & Iron Co. N.V. Sec.

Litig.*, No. 17 Civ. 1580 (LGS), 2020 U.S. Dist. LEXIS 49786, *4 (S.D.N.Y. Mar. 23, 2020) ("Courts in

this Circuit use a 'clear error' standard to review a master's findings of fact and conclusions of law where

no objection is raised, which is the same standard applied to a Magistrate Judge's report and

recommendation in this context."); *Nelson v. United States*, Civ. Action No. 1:11-cv-02953-DDD-CBS,

2020 U.S. Dist. LEXIS 264614, at *2-3 (D. Colo. May 27, 2020) ("The Court finds that this same logic

applies to review of a Special Master's report when no timely objections have been made. In this case, the

Court has reviewed Special Master Barr's report and recommendations to satisfy itself that there is no

clear error on the face of the record." (footnote omitted)); *Strauch v. Comput. Scis. Corp.*, No. 3:14-CV-

956 (JBA), 2019 U.S. Dist. LEXIS 225463, *6 (D. Conn. Aug. 6, 2019) ("As a preliminary manner, the

Court notes that the majority of the Special Master's thorough and well-reasoned Report and

Recommendation . . . was not objected to by either party. The Court has reviewed the non-objected

portions of the R & R for clear error, and having found none, adopts those portions."); *CA, Inc. v.

Simple.com, Inc.*, 780 F. Supp. 2d 196, 206 n.1 (E.D.N.Y. 2009) ("Some portions of the R&R have not

been objected to or argued against by the parties. As to those, unless expressly stated otherwise, the Court's

review has been for clear error and, having found none, those portions are adopted."); *Andrews v. U.S.

Pipe & Foundry Co., Inc.*, No. 2:06-CV-1645-RDP, 2009 WL 10703074, at *2 (N.D. Ala. Aug. 5, 2009)

("Plaintiffs argue that U.S. Pipe failed to timely object to the factual findings of the Special Master under

Rule 53(f)(2). Thus, Rule 53(f)(3) is inapplicable. However, this court is still obligated to ensure that no

portion of the Special Master's report is clearly erroneous." (footnote and citation omitted)). *But cf.*

*Grandalski v. Quest Diagnostics*, Civ. Action No. 04-4362 (SRC), 2013 U.S. Dist. LEXIS 142461, *2 (D.N.J. Oct. 2, 2013) ("[T]he parties having represented that they do not intend to challenge the Report and Recommendation; and the Court having reviewed the Report and Recommendation *de novo*, pursuant to Federal Rule of Civil Procedure 53(f)(3) & (4) . . . ."). This Court agrees with the federal courts that have considered the same question and holds that orders and recommendations of the staff master that are not objected should be reviewed only for clear error.

¶30    This does not mean that the Court is powerless to act if no one objects to an order of the staff master. *Contra In re: Authorization for the Creation & Appointment of Staff Master*, 2021 V.I. Supreme LEXIS 14 at *5 (providing that judges retain the discretion to revise or vacate staff master's orders or rulings). In fact, even if no one objects to a recommendation of the staff master, the Court still has the obligation to act on the recommendation. *Cf. Lowery v. City of Albuquerque*, No. CIV 09-0457 JB/WDS, 2014 U.S. Dist. LEXIS 179290, at *127-28 n.15 (D.N.M. Dec. 17, 2014) ("While a party cannot properly object to a Special Master's findings after 21 days of receiving the report, *see* Fed. R. Civ. P. 53(f)(2), rule 53 does not say that a court may not modify a portion of a Special Master's report to which there is no objection."). The staff master's recommendation is just that, a recommendation, and the underlying matter—whether it be a dispositive motion, a matter the staff master cannot decide, or some other issue—will remain unresolved until the Court acts on it. But the reason why the judge reviews only for clear error is clear – judicial economy.

¶31    In *Thomas v. Arn*, 470 U.S. 140 (1985), the Supreme Court of the United States considered whether a decision announced by the United States Court of Appeals for the Sixth Circuit in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981), and applied prospectively to all future cases, was a proper exercise of that court's rulemaking authority. *See generally* 470 U.S. at 144-45. The Sixth Circuit ruled that litigants would waive the right to appeal if they failed to file an objection to a magistrate's ruling or

recommendation by a certain deadline. *See id.* at 144. Although the appellant in *Thomas* sought and received additional time to object, she ultimately failed to file objections. *See id.* Even though no objections were filed, the judge still conducted a *de novo* review and reached the same conclusion as the magistrate and dismissed the case. On appeal the Sixth Circuit concluded that Thomas had waived the right to appeal to that court by not filing an objection with the trial court. *See id.* The Supreme Court affirmed. *See id.* at 145.

¶32     Although the decision in *Thomas* concerns the limits on federal courts and the statutory authority of magistrates and is, therefore, readily distinguishable from the instant matter, the Court's reasoning is still persuasive. The Court reasoned that

> [t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute. The Sixth Circuit's rule, by precluding appellate review of any issue not contained in objections, prevents a litigant from "sandbagging" the district judge by failing to object and then appealing. Absent such a rule, any issue before the magistrate would be a proper subject for appellate review. This would either force the court of appeals to consider claims that were never reviewed by the district court, or force the district court to review every issue in every case, no matter how thorough the magistrate's analysis and even if both parties were satisfied with the magistrate's report. Either result would be an inefficient use of judicial resources. *Id.* at 147-48 (footnote omitted).

Of course, the Court is not concerned here with the effect of the Defendants' failure to object to the Staff Master's Recommendation on the appellate jurisdiction of the Supreme Court of the Virgin Islands. That, in essence, was the underlying issue in *Thomas*. But the High Court's observations about the effect of failing to object to a decision of a judicial adjunct, and the corresponding impact on judicial resources, is what this Court finds compelling here. The decision of the Supreme Court of the Virgin Islands to create the staff master position would be severely undermined if Superior Court judges had to review every ruling of the staff master in every case no matter how thorough the staff master's analysis and even if all parties were satisfied with the outcome. This concern, with the efficient use of judicial resources, is what

underscores this Court's conclusion that, absent an objection or a motion to modify, recommendations of the staff master will be reviewed only for clear error. *Accord Seggos*, 2019 U.S. Dist. LEXIS 130623 at *13 (citing *Thomas*, 474 U.S. at 149).

¶33    Here, the Staff Master recommended two, alternate, courses of action on the Defendants' motion for judgment on the pleadings: deny it or convert it. The Staff Master observed that a motion for judgment on the pleadings is "limited to the four corners of the pleadings." (Recommendation 5, filed Mar. 9, 2022 (citing *Reynolds v. Rohn*, 70 V.I. 887, 896 (2019)). The Defendants base their motion solely on Stanley's release, but Stanley's release occurred after the pleadings had closed. Thus, the Staff Master reasoned that the Court would have to look outside the pleadings to grant the relief the Defendants requested, something no court can do on a motion for judgment on the pleadings. *See Reynolds*, 70 V.I. at 896 ("Like the Superior Court, we may not 'consider evidence from any source outside of the pleadings and the exhibits attached to the pleadings in determining whether it was proper to grant a motion for judgment on the pleadings.'" (brackets and citation omitted)). For this reason, the Staff Master recommended that the Court deny the motion. Plaintiff failed to move the Court to adopt this recommendation, however, and the Defendants did not object.

¶34    In the alternative, given the split of authorities on whether courts allow "headless" class actions to continue, the Staff Master recommended that the Court convert the Defendants' motion for judgment on the pleadings into a motion for summary judgment, per Rule 12(d) of the Virgin Islands Rules of Civil Procedure, and give the parties leave to address what the soundest rule for the Virgin Islands should be if, before a class has been certified, the putative class representative's claims have become moot. The Defendants failed to move the Court to adopt the Staff Master's alternative recommendation, and Plaintiff did not object.

¶35    Considering that neither side responded to the Staff Master's Recommendation, the Court is not

inclined to adopt the alternate recommendation to convert the Defendants' motion for judgment on the pleadings to a motion for summary judgment. [4] The Staff Master found that Stanley was released from BOC's custody on September 23, 2021. That finding is not clearly erroneous. It was based on the order that was issued in Stanley's habeas corpus case following remand. The Staff Master concluded that Stanley's release was a fact outside the pleadings. That conclusion is not also clearly erroneous because Plaintiff's First Amended Class Action Complaint was deemed filed on May 30, 2018, *cf.* V.I. R. Civ. P. 15-1(a)(2), and the Defendants filed their Answer on April 27, 2020. *Reynolds* clearly states that facts outside the pleadings cannot be considered on a Rule 12 motion. Thus, the overall recommendation—that the relief the Defendants sought, judgment on the pleadings, could not be granted—is not clearly erroneous. The Staff Master was correct: the Court could only deny the motion or convert it to summary judgment.

¶36     The Staff Master did recommend, in the alternative, converting the Defendants' Rule 12(c) motion

---

[4] The Defendants may contend that they did, in effect, move the Court to adopt the Staff Master's alternate recommendation when they filed their Notice to the Court Regarding Motion to Presiding Judge to Reconsider Staff Master's Order on March 7, 2022. In that Notice, the Defendants represented that "[o]n March 4, 2022, the Staff Master conducted a status conference during which it was decided that the Defendants' Motion for Judgment on the Pleadings . . .would be converted to a Motion for Summary Judgment . . . and the judge would issue a briefing schedule." (Defs.' Notice to Ct re: Mot. to P.J. to Reconsid. Staff Master's Order 1, filed Mar. 7, 2022.) If correct, the Staff Master's representation would have been clearly erroneous as the Staff Master does not have the authority to dictate what course of action the judge will take. The Staff Master can only recommend a course of action. Neither side requested a transcript of the March 4, 2022 hearing and the Staff Master's Order entered March 7, 2022, immediately after the hearing, contradicts the Defendants' representation. (*See* Order 2, entered Mar. 7, 2022 ("Based on the discussion, the undersigned offered to recommend to the Judge that he convert the motion for judgment on the pleadings to a motion for summary judgment. The parties agreed. Further because converting the judgment on the pleadings motion into a motion for summary judgment might have the effect of mooting the Defendants' motion to reconsider, the Defendants agreed to notify the court whether they would stand on the motion or withdraw it.").) Although the Court does appreciate the point the Defendants made in their Notice, the Staff Master's Order—earlier in the same paragraph—explained that the Staff Master "offered to cancel the [April 1, 2022] hearing if the parties, instead, wanted the [Staff Master] to consider the motion on the papers." *Id.* at 1. Clearly, the Staff Master was trying to keep the proceedings moving by ordering that discovery proceed and, once an objection was raised, by discussing with the parties different ways in which their concerns could be addressed. The Defendants responded to the Staff Master's option by filing their Notice, stating that they stood by their Motion to Reconsider. The Defendants also filed that Notice two days before the Staff Master submitted his Recommendation, which differed slight from the March 7, 2022 Order (and the Defendants' March 7, 2022 representation in their Notice) since the Recommendation included two options. Notwithstanding what may have transpired earlier, it was the formal filing of the Recommendation on March 9, 2022, that triggered the parties' time to respond. The Defendants' Notice, filed two days earlier, cannot reasonably be seen as a response under Rule 53(f).

to a Rule 56 motion for summary judgment and granting the parties leave to address "a legal question whether so-called 'headless' class action cases can proceed, i.e., whether the purported class representative can continue to represent the prospective class when, before certification is granted, the plaintiff's individual claim has become moot or lessened substantially." (Recommendation 6; *see also id.* at 7 ("Some courts have referred to 'precertification mooting as a headless lawsuit with, in effect, no plaintiff and as a potential lawsuit searching for a sponsor.'" *Larry James Oldsmobile-Pontiac-GMC Truck Co. v. GMC*, 175 F.R.D. 234, 236 (N.D. Miss. 1997) (quoting *Satterwhite v. City of Greenville*, 557 F.2d 414, 425 (5th Cir. 1977) (Gee, J., dissenting)) (brackets omitted)).) As the Staff Master noted, "[t]his question is unsettled in Virgin Islands law." *Id.*

¶37    After reviewing the Staff Master's Recommendation, the Court is declines to adopt the alternate recommendation and convert the Defendants' motion for judgment on the pleadings into a motion for summary judgment. Conversion under Rule 12(d) is discretionary. *See* V.I. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to *and not excluded by the court*, the motion must be treated as one for summary judgment under Rule 56." (emphasis added)); *see also United Corporation v. Hamed*, 64 V.I. 297, 306-07 (2016). Additionally, a point neither the Staff Master nor the parties considered is that even if the Court were to conclude that the soundest rule for the Virgin Islands is to reject "headless" class actions, the Court could not enter summary judgment in favor of the Defendants without first giving Plaintiff's counsel a deadline to alert the putative class members and setting a deadline for them to intervene or to file separate actions. Thus, converting the Defendants' Rule 12(c) motion into a Rule 56 motion would not end the litigation.

¶38    The Court's decision should not be viewed as sanctioning what the Defendants contend is Plaintiff's counsel "forc[ing] the BOC to assist him in a fishing expedition to obtain a substitute representative client." (Defs.' Reconsid. Mot. 3 (citing *Reed v. Brown*, 849 F.2d 1307, 1314 (10th Cir.

1988)).). The legal questions presented by the posture of this case, and by class actions as a whole, remain unresolved in the Virgin Islands. *Cf. Castillo*, 72 V.I. at 534 ("[T]he question, one of first impression, is whether the Virgin Islands should recognize class action tolling."). However, if the Defendants wanted these questions resolved, they should have moved the Court to adopt the Staff Master's recommendation to convert their Rule 12(c) motion into a Rule 56 motion. This case was filed in 2016. No discovery has occurred yet except the limited discover the Staff Master ordered on whether this case can proceed as a class action. There also is no deadline in place for filing dispositive motions. The Defendants are free to file a motion for summary judgment based on Stanley having been released. Per the Staff Master's March 11, 2022 Order, the parties should have completed class-based discovery by August 26, 2022. The Court and counsel will soon know whether this case can proceed as a class action, notwithstanding the legal issues raised by Stanley's release, and whether another inmate can substitute in his place. If the answer to either question is no, then Stanley' claims may have to be dismissed. However, the entire case cannot be dismissed yet because it is putative class action and any action the Court takes must take into consideration "'important and potentially adverse statute-of-limitations consequences[.]'" *Abednego* v, 63 V.I. at 183 (quoting *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir2006)). For these reasons, the Court declines to exercise its discretion to convert the Defendants' motion for judgment on the pleadings and will instead adopt the Staff Master's recommendation to deny it.

## III. CONCLUSION

¶39    For the reasons stated above, the Court concludes that reconsideration does not apply to the review of orders, reports, and recommendations of the Staff Master assigned to the Complex Litigation Division. Instead, Virgin Islands Rule of Civil Procedure 53(f) governs objections to, and motions to adopt or modify, orders, reports, and recommendations of all masters, including the Staff Master. Construing the Defendants' motion to reconsider as an objection under Rule 53(f)(2), the Court finds that it must be

overruled. The Staff Master's order denying the Defendants' two-year old motion to stay discovery was not erroneous given Rule 26(d)(4)'s mandate that motions do not stay discovery. Further, as neither side responded to the Staff Master's Recommendation regarding the Defendants motion for judgment on the pleadings, the Court concludes that concerns over judicial economy support reviewing only for clear error. Even if the Defendants were to prevail on their motion, it would not terminate the litigation because the putative class members would have to be notified and allowed to intervene or file separate actions. Having reviewed the Staff Master's Recommendation, the Court declines to convert the Defendants' motion for judgment on the pleadings into a motion for summary judgment and, substantially for the same reasons given for overruling the Defendants' objections to the Staff Master's January 12, 2022 Order, the Court will instead adopt the Staff Master's March 9, 2022 recommendation to deny the Defendants' motion.

Accordingly, it is hereby

**ORDERED** that the Motion to the Presiding Judge to Reconsider the Staff Master's January 12, 2022 Order and Incorporated Memorandum of Law filed by Defendants Virgin Islands Bureau of Corrections and Wynnie Testamark on January 26, 2022, is **CONSTURED** as an objection filed pursuant to Rule 53(f)(2) of the Virgin Islands Rules of Civil Procedure and **OVERRULED**, and the Order dated and entered January 12, 2022 is **AFFIRMED**. It is further

**ORDERED** that the Recommendation of the Staff Master filed on March 9, 2022 is **REJECTED** as to the recommendation to convert the Motion for Judgment on the Pleadings filed by Defendants Virgin Islands Bureau of Corrections and Wynnie Testamark on August 30, 2021 to a motion for summary judgment pursuant to Rule 12(d) of the Virgin Islands Rules of Civil Procedure, and **ADOPTED** as to the recommendation to deny the Motion for Judgment on the Pleadings filed by Defendants Virgin Islands Bureau of Corrections and Wynnie Testamark on August 30, 2021. It is further

**ORDERED** that the Motion for Judgment on the Pleadings filed by Defendants Virgin Islands

Bureau of Corrections and Wynnie Testamark on August 30, 2021, is **DENIED**.

**DONE and SO ORDERED** this 8ᵗʰ day of September, 2022.

**HAROLD W.L. WILLOCKS**
Administrative Judge of the Superior Court

**ATTEST**:
Tamara Charles
Clerk of the Court

By: _____
Court Clerk

Dated: _____9/8/2022_____