FILED

03/11/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0401

DA 24-0401

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 50N

FLATHEAD HIGH SCHOOL CLASS OF 1973
REUNION COMMITTEE,

      Plaintiffs and Appellees,

    v.

DEBORA STANDLEY LAROSE and
KENNETH PETERS,

      Defendants and Appellants.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV 24-238(A)
Honorable Amy Eddy, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

          Debora A. LaRose, Self-Represented, Kalispell, Montana

          Kenneth Peters, Self-Represented, Kalispell, Montana

      For Appellees:

          Flathead High School Class of 1973 Reunion Committee, Self-Represented,
Kalispell, Montana

          Submitted on Briefs:  January 2, 2025

                Decided:  March 11, 2025

Filed:

                _____
                                    Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion. It shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Debora LaRose and Kenneth Peters appeal the Eleventh Judicial District Court's order affirming the Flathead County Justice Court's judgment in favor of the Flathead High School Class of 1973 Reunion Committee (Reunion Committee). We affirm.

¶3 The parties dispute funds and expenses from planning their 50th high school class reunion in the summer of 2023. LaRose, a Reunion Committee volunteer, formed her own "Dinner Events Committee" during the planning and began incurring expenses for the dinner event and silent auction. About a month after the reunion events concluded, the Reunion Committee filed a claim against LaRose and Peters, alleging that they improperly kept proceeds from the silent auction.[1] LaRose and Peters then counterclaimed, alleging the Reunion Committee owed them money for expenses incurred.

¶4 The Justice Court held a two-day bench trial. The court listened to both parties' arguments, received evidence, and heard testimony lasting approximately seven hours. The evidence included disputes regarding a Mark Ogle print donated for the silent auction. Following trial, the court entered judgment in favor of the Reunion Committee for

---

[1] The Reunion Committee originally filed the case in the small claims division. LaRose and Peters moved to remove the case to justice court, which was granted pursuant to § 25-35-605, MCA.

$1,153.67, ordered LaRose and Peters to return the Mark Ogle print, dismissed LaRose and Peters's counterclaim with prejudice, and ordered the parties to bear their own fees and costs. On appeal by LaRose and Peters, the District Court affirmed the Justice Court's order. LaRose and Peters appeal.

¶5 "On appeal from a justice court of record, district courts function as intermediate appellate courts with review confined to the record and questions of law." *State v. Thibeault*, 2021 MT 162, ¶ 6, 404 Mont. 476, 490 P.3d 105 (citing §§ 3-5-303, 3-10-115(1), MCA; *Stanley v. Lemire*, 2006 MT 304, ¶¶ 24-25, 334 Mont. 489, 148 P.3d 643). Functioning as an appellate court, the district court reviews "findings of fact only for clear error" and conclusions of law for correctness. *Thibeault*, ¶ 6 (citing *Stanley*, ¶ 25). We apply this same standard on appeal from the District Court's order to this Court. *Thibeault*, ¶ 6 (citing *Stanley*, ¶ 26).

¶6 LaRose and Peters disagree with the Justice Court's calculations regarding the expenses and amount owed. As appellants, they bear the burden of establishing error on appeal. *State v. Deshaw,* 2012 MT 284, ¶ 30, 367 Mont. 218, 291 P.3d 561. This Court received the audio recording of the trial with the Justice Court and District Court record. It is the appealing party's responsibility to show error by the Justice Court, including record citations and referencing the time location on the CD recording of the trial. M. R. App. P. 8(2), 8(9)(b), 12(1)(d). LaRose and Peters raise numerous arguments about evidence in the record but provide no citations to the record to substantiate a claim that any of the Justice Court's findings were clearly erroneous. "[I]t is not an appellate court's

3

responsibility to comb the record to determine whether the trial court erred." *In re Marriage of Taylor*, 2016 MT 342, ¶ 14, 386 Mont. 44, 386 P.3d 599 (citations and internal quotations omitted). The Justice Court reviewed the evidence, heard the parties' testimonies at trial, made extensive findings of fact, determined legitimate expenses, awarded a balance, and explained its calculations. LaRose and Peters have not met their burden to demonstrate with record evidence clear error by the Justice Court regarding its calculations.

¶7     LaRose and Peters also allege error in the order to return the Ogle print to the Reunion Committee. They assert in part that the auction proceeds include money from sale of the print. The Justice Court weighed the affidavits and testimony, found the Reunion Committee witnesses to be more credible than LaRose and Peters, and found that LaRose testified she currently holds the Ogle print. This dispute involves a factual finding by the Justice Court based on a credibility determination and conflicting evidence. "Where conflicting evidence is presented and the credibility of witnesses or the weight to be given their testimony is at issue, we will not substitute our judgment for that of the trial court." *Burns v. Plum Creek Timber Co.*, 268 Mont. 82, 84, 885 P.2d 508, 509 (1994) (citation omitted). We will not disturb the Justice Court's credibility determination and factual finding.[2]

---

[2] LaRose and Peters also discuss the "right to dissociate" on appeal, which the District Court found they had not presented to the Justice Court and thus could not argue on appeal. LaRose and Peters do not cite where in the hearings they argued this issue. They provide no legal authority why this would change the outcome as a matter of law or how the law governs "dissociation" from a group of volunteers. We generally afford pro se litigants a measure of leniency; nonetheless, it "is not this Court's job to conduct legal research on the [parties'] behalf" or to "develop legal analysis"

¶8 Finally, LaRose and Peters allege impropriety and conflicts of interest by the Justice of the Peace. The District Court was correct in refusing to address this issue when it concluded that LaRose and Peters did not follow the proper procedure to disqualify a Justice of the Peace under § 3-1-805, MCA.

¶9 In their response to LaRose and Peters's opening brief, the Reunion Committee argues that they are entitled to a different judgment amount from the Justice Court order and assert various factual disputes in support of this contention. "A responding party seek[ing] to change any part of the judgment below must raise the issue by cross-appeal." *Bucy v. Edward Jones & Co., L.P.*, 2019 MT 173, ¶ 23, 396 Mont. 408, 445 P.3d 812 (citation and internal quotations omitted). The Reunion Committee did not cross-appeal, and we do not consider their arguments requesting this Court to change the judgment.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. Having reviewed the briefs and the record on appeal, we conclude that LaRose and Peters have not met their burden on appeal to demonstrate clear error in the Justice Court's findings of fact, any mistake of law, or other error in the court's consideration of the evidence or allocation of the disputed funds. We affirm.

---

to support their position. *State v. Zakovi*, 2005 MT 91, ¶ 28, 326 Mont. 475, 110 P.3d 469 (citation omitted).

/S/ BETH BAKER

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ JIM RICE